## Home Protective Association v. Williams.

(Decided October 22, 1912.)

### Appeal from Warren Circuit Court.

1. Insurance, Life—Sick Benefits—What Necessary to Entitle Holder of Policy To.—Under a policy providing that a member shall be entitled to sick benefits for the actual time he is necessarily and continuously confined and totally unable to follow his vocation it is not necessary that the member should be confined in bed. It is sufficient that he is so confined as to be totally unable to follow his vocation.

2. Insurance, Life—By-laws—Not Attached to Policy.—Under section 679, Kentucky Statutes, the by-laws of the association not attached to the policy or incorporated into it can not be con-

sidered, it not appearing that the association is one of the societies excepted from the operation of the statute.

SIMS & RODES for appellant.

WRIGHT & McELROY and GEORGE H. GALLOWAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The Home Protective Association issued to Willie Williams a certificate, on March 15, 1909, insuring his life for the benefit of his mother, Hester Williams. He died July 3, 1911, and this suit was brought by her against the association to recover three hundred dollars, the amount of the insurance. The company answered pleading that he had not paid his dues after Dec. 13, 1910, and that the policy was not in force at his death. The plaintiff replied showing that he was entitled to sick benefits after Dec. 13, 1910, and that the company had this money in its hands, more than sufficient to pay the dues under the policy. The company denied that he was entitled to sick benefits. The case turns entirely on section 7 of the conditions of the policy:

"Neither shall the order be, in any manner, liable to the member for disability while convalescing from any disease, the order accepting the liability only for the actual time the member is necessarily and continuously confined and totally unable to follow his or her vocation. No allowance will be made for fractional parts of a week."

The company insisted that under this clause he was entitled to no sick benefits unless confined to his bed. The proof on the trial showed that from December 13 he was totally unable to follow his vocation and that he was continuously confined to the house, but that he was not all the time confined to his bed. The trouble with him was an ulcer on his thigh which developed into a tubercular trouble causing his death the following July. The circuit court instructed the jury that he was entitled to the sick benefits if he was necessarily and continuously confined and totally unable to follow his vocation. The jury found for the plaintiff and judgment having been entered on the verdict, the defendant appeals.

The language of the clause above quoted does not require that the insured shall be confined to his bed. If he was confined so as to be totally unable to follow his vocation he was entitled to the sick benefits, under the policy. The company read in evidence on the trial of the case, a by-law which provided that the insured was not entitled to sick benefits unless he was confined to his bed and totally unable to follow his vocation; but the by-laws of the association are not incorporated into the policy or attached thereto and cannot, under section 679, Kentucky Statutes, be considered for any purpose; there being nothing in the record to bring this association within the proviso excepting from the operation of that section certain fraternal societies.

Judgment affirmed.