## Doyle v. New Jersey Fidelity & Plate Glass Insurance Company.

(Decided March 2, 1916.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Number Two).

1. Insurance—Accident Insurance—Continuity of Disability.—The fact that the insured under an accident policy, who was injured by an accident from which blood poisoning developed in from five to eight days so as to totally disable him, was at his place of business and imperfectly performing some of his duties while the infection was developing, does not destroy the immediacy or break the continuity of his disability.

2. Insurance—Accident Insurance—Continuity of Disability.—Under an accident policy providing indemnity if the injuries shall immediately, continuously and wholly disable and prevent the assured from performing any and every kind of duty pertaining to his occupation, the conditions of liability are met where the disabilities prevent him continuously from doing all the substantial acts required of him in his business.

3. Insurance—Accident Insurance—Continuity of Disability.—The evidence in this case for the beneficiary showing that the assured was at his place of business practically every day from one to six hours a day, for a period of more than three months after the accident, performing at times substantially every duty pertaining to his profession, held not to be sufficient to warrant a submission to the jury of the question whether or not he was wholly and continuously disabled.

HITE H. HUFFAKER and STRAUS, LEE & KRIEGER for appellant.

HUGH B. FLEECE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Dr. Howard S. Doyle, a dentist in Louisville, on June 21, 1912, while operating upon a tooth for a patient was injured by a burr, with which he was working, slip-

ping against and wounding the knuckle of the second finger of his left hand. The finger about the wound became inflamed, and the doctor became ill, but for several days was able to go to his office and perform a part of his ordinary duties. His condition continued to grow worse until on the 26th or 29th of June he was forced to go to bed, and it developed that he was suffering from blood poisoning as a result of this injury to his finger. He was confined to his bed continuously until July 31st, when, contrary to the advice of his physician, he returned to his office; and, from August 7th until November 4th, he was at his office regularly and performed at times substantially all of his accustomed duties, though feeling badly much of the time.

On the night of November 4, 1912, about four months and a half after the injury to his finger, he was taken violently ill and died suddenly.

At the time of this accident Dr. Doyle was insured under an accident policy issued by appellee, and his mother, the appellant, was the beneficiary thereunder. The appellee having refused, after receiving proof of the doctor's death, to pay the appellant the indemnity provided for death under said policy, she filed this suit.

Upon the trial at the close of all the evidence the court sustained appellee's motion for a peremptory instruction, and entered a judgment dismissing appellant's petition, to reverse which judgment, upon the ground that the peremptory instruction was erroneously given, appellant is prosecuting this appeal.

The policy sued on provides for the payment of $2,500.00 to the beneficiary upon the death of the insured under the conditions set out in the two following clauses:

"If any one of the losses named in this section shall result directly and independently of all other causes from such injuries within ninety days from date of accident, but not necessarily causing immediate and continuous disability, the company will pay the sum set opposite such loss, and in addition the weekly indemnity from date of accident; or, if such injuries shall, directly and independently of all other causes, immediately, continuously and wholly disable and prevent the assured from performing any and every kind of duty pertaining to his occupation, and during the period of such continuous disability, and within two hundred weeks from date of

the accident shall result in any one of the losses hereafter named in this section, the company will pay the sum set opposite such loss, and in addition thereto the weekly indemnity from date of accident to date of death, dismemberment or loss of sight."

The insured did not die for more than ninety days after the injury, and the first of the two above clauses has no application here except that it may be helpful to a correct understanding of the second clause under which appellee's liability is asserted.

Appellee's defense is a denial that "resulting directly, independently and exclusively of all other causes by reason of such wounding and simultaneously therewith, he was inoculated with septicaemia or blood poisoning, due directly or at all to said bodily injury sustained while said policy was in force, and defendant denies that it resulted directly and independently of all other causes in his immediate, continuous or total disablement so as to prevent him from performing any and every kind of duty pertaining to his occupation or that said injury resulted directly or indirectly, exclusively or independently of all other causes in his death on the fourth day of November, 1912, and defendant denies that the death of said Howard S. Doyle was caused either directly or indirectly by said accident."

While it is not contended in this case that death from blood poisoning resulting from an accident was not covered by the policy held by the insured, it is contended by counsel for appellee that the insured's disability was not immediate, total or continuous during the period from June 21st to June 26th or 29th while the infection was developing, and therefore appellee was not liable. This contention has been allowed in some jurisdictions, authorities for which are cited for appellee, but this court in the case of the Continental Casualty Co. v. Matthis, 150 Ky., 477, refused to follow that doctrine, and held that under a clause similar to the one before us now the insured suffered an immediate and continuous disability upon facts quite similar to those in this case, citing Commercial Travelers v. Barnes, 72 Kan., 392; Brendon v. Traders' & Travelers' Accident Co., 84 N. Y. App Div., 530; Hohn v. Interstate Casualty Co., 115 Mich., 79; Omberg v. U. S. Mutual Accident Association, 101 Ky., 303; Cary v. Preferred Accident Insurance Co., 127 Wis., 67; 5 L. R. A. (N. S.), 926, and note, and Central Accident Insurance Co. v. Rembe, 220 Ill., 151.

And in the same case this court expressly disavowed the dictum in General Accident & Life Assurance Corporation v. Meredith, 141 Ky., 92, which is cited and relied upon by appellee here.

In the Matthis case the insured was a physician in whom blood poisoning developed as a result of an accident, and who, while the infection was developing, for three days attempted to attend to the duties of his calling. In the case at bar the insured during a period of from five to eight days made the same attempt under similar circumstances, and being convinced that the reasoning and decision of this court in the Matthis case are sound, we are unwilling to depart therefrom, and it results that this contention of counsel for appellee is untenable, as the trial court held.

2. The next question presented is whether or not the insured's condition, evidenced by his acts from August 7th until November 4th as disclosed from the evidence, was such as warranted a determination by the jury of whether or not the insured's disability was continuous and entire, as claimed by appellant; or whether it was such as to warrant the court in sustaining appellee's motion for a directed verdict in its favor as contended by appellee.

Upon this question there is also much contrariety in the authorities of different jurisdictions, depending upon whether a strict or a liberal construction is given to the words "continuously" and "wholly" when used in an accident insurance policy with reference to disability in a clause similar to the second clause in the policy before us here.

In the case of the National Life & Accident Ins. Co. v. O'Brien's Extx., et al., 155 Ky., 499, this court after an extensive review of the authorities from the different states upon this question, without attempting to harmonize the differences, adopted a liberal rather than a strict construction of such a clause, and in support of that conclusion cited the following authorities: Young v. Travelers' Ins. Co., 80 Me., 244; Lobdill v. Laboring Men's Mut. Aid Assoc., 69 Minn., 71; Pennington v. Mut. Life Ins. Co., 85 Iowa, 468; McKinley v. Bakers' Aid Acc. Ins. Co., 106 Iowa, 81; Com. Trav. Acc. Assoc. v. Springsteen, 23 Ind., 657; Neafie v. Mfg.'s Acc. Indemnity Co., 55 Hun. (N. Y.), 111; Am. Surety Co. v. Paule, 170 U. S., 133; First National Bank v. Hartford Fire

Ins. Co., 95 U. S., 673; Anderson v. Fitzgerald, 4 H. L. Cas., 483.

After citing the above authorities with approval, this court said:

"The clause of the policy under which appellant seeks to escape liability, though broad enough in its terms to give color to the meaning it attributes to it, should nevertheless be given a reasonable construction that would be as just to the assured as to the insurer."

"While the language of the policy here is that the disability, entitling the assured to the indemnity provided, must be so total as to prevent him from 'performing every duty of any business or occupation,' it would do no violence to the language used or the rights of appellant to say that the words quoted, fairly interpreted, should be held to mean that the disability would be total, is of such a character as to prevent the assured from transacting any kind of business pertaining to his occupation. In other words, it is sufficient if the disability of the insured in this case was such as to prevent him from doing all the substantial acts required of him in his business. Giving the clause of the policy in question this meaning, it does not limit the liability of appellant as claimed by it. The appellant's defense is not rested upon any claim that the assured was not injured in the accident mentioned in the petition but that the disability resulting therefrom was not total and that it only continued from December 24, 1908, to January 25, 1909."

From the above quotations from the O'Brien case it will be seen that this court is committed to a "reasonable construction" of the clause in question "that is as just to the assured as to the insurer," and that that end is attained "if the disability of the insured is such as to prevent him from doing all the substantial acts required of him in his business." And while it is difficult to state a general rule of construction that will be applicable to all cases, we think we may safely state as an elaboration of our views upon this subject that a recovery should not be denied under such a clause as we have before us when the evidence shows that the insured was able to be up and about, and to do minor and trivial things not requiring his time or attention, or to direct his business and do some of the work himself, if his injuries are such that common prudence demands he desist from his labors and rest, so long as it is reasonably necessary to effect

a speedy cure, and he is unable to do the things which constitute substantially all of his occupation, or wholly disabled from doing all the substantial and material acts necessary to be done.

It may be admitted that some of the authorities seem to warrant even a more liberal construction of this clause than we have indicated, but the same justice that forbids a construction so strict, although justified by the literal meaning of the words employed, which would in practice relieve the insurer from liability in practically every case where death does not immediately ensue, and render the policy of no effect in many cases, in which it was evidently held out to afford indemnity, also demands that the construction shall not be so liberal as to render the company liable in every state of case in utter disregard of the contract made by the parties. Both of these clauses should be given a liberal and reasonable construction, when considered together and with reference to each other.

Under the policy before us, by the first clause copied herein, the insurer is liable if death occurs within ninety days after the accident, even though the disability is not immediate and continuous; but by the second clause quoted above, it is not liable if death ensues after ninety days and within two hundred weeks from the accident, unless the disability occasioned thereby is immediate, continuous and entire. From which it is apparent that the parties in executing this contract had in contemplation a limitation upon the beneficiary's right to recover for the death of the insured during said period based upon a reasonable construction of the words of limitation used in said second clause.

We have endeavored to set out above what we deem to be a reasonable construction thereof.

It now remains for us to apply that construction to the facts in this case.

The evidence may be fairly stated to show that from August 7th to November 4th the insured visited his office practically every day, remaining from one to six hours a day; that he had entire supervision of his business, examined patients and directed his assistants as to what was necessary to be done; that in addition he frequently did the work himself required by patients; and it also may fairly be stated that the evidence for appellant not only fails to show that there was any substantial part

of his work that he did not at times perform, but on the other hand shows that during all of this time he did not lose a single day from his business, and upon occasions throughout that period performed every substantial duty and service that could be performed by any one in said business, remaining a part of that period in his office and performing all sorts of work involved in his profession as much as six hours a day.

We are convinced from a careful reading of the evidence that it does not even tend to show that the assured's disability was such as prevented him continuously from performing all of the substantial acts required of him during the period from his return to his office about August 7th until his death on November 4th.

To have so shown by the evidence was necessary to make out a case for appellant under the clause in the policy under which appellant claims as construed in the O'Brien case, and in this case.

It therefore results that the evidence did not present a case entitling appellant to a submission of the question to the jury and that it was not error upon the part of the court in directing a verdict in favor of appellee.

Wherefore the judgment is affirmed.