## Ohio National Life Insurance Company v. Stagner.

(Decided October 25, 1929.)

HERSCHEL T. SMITH for appellant.

E. P. PHILLIPS and JOE H. WEAKS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is the second appeal of this case. The opinion on the former appeal appears in 223 Ky. 571, 4 S. W. (2d) 364, where a statement of the facts and issues involved in this case may be found. It was held in that opinion that the evidence produced by the appellee in support of his claim under the insurance policy sued upon did not entitle him to any recovery, and the opinion directed that, if the evidence should be the same on the next trial, the court should give a peremptory instruction to find for the appellant. On the return of the case to the lower court, a second trial was had, which again resulted in a verdict for the appellee in the sum of $801.91. From the judgment entered on that verdict, this appeal is prosecuted.

Although many grounds were put forward in the lower court in support of appellant's motion there for a new trial, it is only insisted here that appellant's motion for a directed verdict should have been sustained. Under the well-settled practice of this court, the other grounds relied upon in the lower court are abandoned in this. We shall therefore confine ourselves to the inquiry as to whether or not the appellant was entitled to a directed verdict. The issue in this case was whether the appellant was so "disabled by a bodily injury or disease as presumably to be permanently, continuously and wholly prevented for life from pursuing any and all gainful occupations." If he was, he was then entitled to certain monthly payments, which would cease should he ever recover so as to be able to engage in any gainful occupations. He was also entitled during such disability to be relieved from having to pay the premiums on his policy. Now if the evidence at the last trial was no stronger than that produced at the first trial, appellant is correct in its contention that it should have had a peremptory instruction. The opinion on the former appeal so held. While the evidence for the appellant on the last trial is to the effect that the appellee is not ill and that nothing wrong can be discovered in his condition, yet the evidence for the appellee is to the effect that he is suffering from pellegra. It is true that on the last trial, as on the first, appellee's physician Dr. Rob Mason did not testify convincingly that appellee was so disabled by disease as presumably to be permanently prevented for life from pursuing any gainful occupation; but the testimony of his

other physician, Dr. Will Mason, is to that effect and that appellee is suffering from pellegra; that such disease is permanent in its nature, not one person in fifty ever recovering from it; that appellee is so disabled by that disease as presumably to be permanently affected by it; and that, by reason of such disability, appellee is not fitted for any work and should not do any work. Dr. Will Mason did not testify on the former trial. Although appellant vigorously attacks his testimony, it was for the jury to say whether they believed it or not.

Appellant argues, however, that, despite what appellee's doctors said about his incapacity for work, he was doing some work, and hence did not bring himself within the terms of his policy. The evidence shows that appellee was a farmer; that he gave up farming due to his condition; that, while he did make two long trips on a truck engaged in the transfer business after this suit was brought, he had a man along to do most of the work; that he now does a little office work, such as answering telephones and the like, for his son who is engaged in the transfer business; but that he is not doing any such work as he did before he fell ill as he claims. He says that he cannot do that character of work any more, and his doctors corroborate him. In the case of Fidelity & Casualty Co. of New York v. Logan, 191 Ky. 92, 229 S. W. 104, where the assured, a lawyer who devoted most of his time to caring for his timber and mining interests, was not able after the accident to do as much as one-third of his usual work, and where his injuries were such that prudence required him to desist from transacting any business, it was held that he was totally disabled within the meaning of his policy, notwithstanding that he was able to write or dictate letters occasionally, to go to his office at times, and to go upon some of his properties. This Logan case is no stronger than appellee's proof in this case concerning the extent of his disability, if he is disabled. See, also, Fidelity & Casualty Co. of New York v. Hart, 142 Ky. 25, 133 S. W. 996; Ætna Life Ins. Co. v. McCullagh, 195 Ky. 136, 241 S. W. 836. In Continental Casualty Co. v. Linn, 226 Ky. 328, 10 S. W. (2d) 1079, 1082, we said:

"An insurance policy must be interpreted according to its true character and purpose, and in the sense in which the insured had reason to suppose it was understood. The application of this liberal rule

of construction has been made to varying provisions of insurance policies and the extent of recovery thereunder—specifically to the term 'total disability,' which is never given its strict literal meaning of absolute helplessness or entire physical disability, but rather as inability to do substantially or practically all material acts in the transaction of the insured's business in his customary and usual manner.''

The cases are conclusive of appellant's contention on this point. As the only question presented for decision is whether or not a directed verdict should have been given and as that depends on whether or not there was *any* evidence to go to the jury, and, as we have seen, the evidence of Dr. Will Mason was sufficient for that purpose, it follows that the motion for a directed verdict was properly overruled.

The judgment of the lower court is therefore affirmed.