## Provident Life & Accident Insurance Company of Chattanooga v. Harris.

(Decided May 16, 1930.)

J. WOODFORD HOWARD and W. P. MAYO for appellant.

J. E. CHILDERS and CHILDERS & BOWLES for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

On September 29, 1926, the appellant issued to the appellee its accident indemnity insurance policy which

is the subject of the present suit. By this policy the appellant insured the appellee against the effects "resulting directly and exclusively of all other causes from bodily injuries sustained during the life of the policy solely through external, violent and accidental means," for a monthly accident indemnity of $50. By sections A and B of part III of the policy it was provided that this monthly accident indemnity would be paid "for the period of total loss of time commencing on the date of the accident during which such injury alone shall wholly and continuously disable and prevent the insured from performing any and every duty pertaining to his business or occupation," or "if such injury shall not from the date of the accident wholly disable the insured but shall within 100 days thereafter wholly disable him, or shall commencing on date of the accident or immediately following total loss of time, prevent him from performing work substantially essential to the duties of his occupation," one-half of the monthly indemnity "for the continuous period of loss of time caused thereby not exceeding seven consecutive months." These sections further provided that the indemnity should not be paid "in excess of the time the insured is under the treatment of a legally qualified physician or surgeon."

On December 24, 1926, the appellee was accidentally shot in the leg. As a result the left knee was stiffened and the left leg was by reason of its curvature caused by this stiffening of the joint shortened about four inches. Prior to his injury, appellee had been working as a "bunk attendant" for the Chesapeake & Ohio Railroad Company at $2.88 a day. His duties consisted in cleaning the depot, carrying coal for its fires and water for its drinking receptacles, mopping its floors, and in taking care of a house in which there were 18 bunks arranged in two tiers. In addition to keeping this house clean and the fires in it going, he had also to make up the bunks. In just a few days less than a year from the date of his accident he returned to his work, and the evidence shows that he has substantially performed all of the duties which he had performed prior to his accident, although with some embarrassment on account of his crippled condition, and no doubt with much discomfort. It is true that at times he has had young boys to help him in wheeling the coal in wheelbarrows from the coal piles to the depot and the bunkhouse and in carrying

water from the source of supply to these buildings of which he had charge. But the evidence also shows that in the main he did himself all the duties called for by his job. He earned after he returned to work the same wages he did prior to his accident. The appellant paid him under the policy here in question the sum of $550 and then declined to pay him any further. He thereupon brought suit to recover the monthly accident indemnity, and in that suit recovered the sum of $50, being the indemnity that had accrued, if any had, for the month intervening between the time when the appellant ceased to pay and the time when the suit was filed. The appellant still declining to pay him further, this suit was brought to recover for the period of time elapsing from the month covered by the last suit up to the time of the filing of the present suit. The appellant defended on many grounds, two only of which we need to notice. They are, first, that the appellee was not by the terms of his policy entitled to any further recovery since he had returned to his work, and, secondly, that he had not been under the care of a physician during the period covered by the suit. As to this last defense, the evidence was absolutely silent as to whether the appellee had been under the care of a physician or not. At the close of the whole case, the appellant made a motion for a peremptory instruction. The court overruled this motion and submitted the case to the jury which found for the appellee the full amount of the monthly indemnity for the six months. From the judgment entered on that verdict the appellant has moved this court for an appeal.

The trial court should have sustained the appellant's motion for a peremptory instruction on both the grounds above mentioned. The construction to be placed upon clauses in accident insurance policies, such as those under which recovery is sought in this suit and which we have quoted above so far as pertinent, has often been before this court. One of the latest utterances upon the subject may be found in the case of Continental Casualty Co. v. Linn, 226 Ky. 328, 10 S. W. (2d) 1079, at page 1082, where we said:

"An insurance policy must be interpreted according to its true character and purpose, and in the sense in which the insured had reason to suppose it was understood. The application of this liberal rule of construction has been made to varying pro-

visions of insurance policies and the extent of recovery thereunder—specifically to the term 'total disability,' which is never given its strict literal meaning of absolute helplessness or entire physical disability, but rather as inability to do substantially or practically all material acts in the transaction of the insured's business in his customary and usual manner.''

This case was cited with approval, and the principle contained in the excerpt above set out applied in the case of Ohio National Life Ins. Co. v. Stagner, 231 Ky. 275, 21 S. W. (2d) 289. But while this court is committed to the ''liberal construction'' doctrine with regard to the interpretation to be put on these clauses, we have never gone so far as to render the insurance company liable in every state of case in utter disregard of the contract made by the parties. Thus, in the case of Doyle v. New Jersey Fidelity & Plate Glass Ins. Co., 168 Ky. 789, 182 S. W. 944, 945, Ann. Cas. 1917D, 851, after citing and discussing the cases from this court adopting the ''liberal construction'' doctrine, we said:

''From the above questions from the O'Brien case (155 Ky. 498, 159 S. W. 1134) it will be seen that this court is committed to a 'reasonable construction' of the clause in question 'that is as just to the assured as to the insurer,' and that that end is attained 'if the disability of the insured is such as to prevent him from doing all the substantial acts required of him in his business.' And while it is difficult to state a general rule of construction that will be applicable to all cases, we think we may safely state, as an elaboration of our views upon this subject, that a recovery should not be denied under such a clause as we have before us when the evidence shows that the insured was able to be up and about, and to do minor and trivial things not requiring his time or attention, or to direct his business and do some of the work himself, if his injuries are such that common prudence demands he desist from his labors and rest, so long as it is reasonably necessary to effect a speedy cure, and he is unable to do the things which constitute substantially all of his occupation, or wholly disabled from doing all the substantial and material acts necessary to be done.

"It may be admitted that some of the authorities seem to warrant even a more liberal construction of this clause than we have indicated, but the same justice that forbids a construction so strict, although justified by the literal meaning of the words employed, which would in practice relieve the insurer from liability in practically every case where death does not immediately ensue, and render the policy of no effect in many cases, in which it was evidently held out to afford indemnity, also demands that the construction shall not be so liberal as to render the company liable in every state of case in utter disregard of the contract made by the parties. Both of these clauses should be given a liberal and reasonable construction, when considered together and with reference to each other."

In that opinion, the evidence as to the disability of the insured was summarized and commented upon as follows:

"The evidence may be fairly stated to show that from August 7th to November 4th the insured visited his office practically every day, remaining from one to six hours a day; that he had entire supervision of his business, examined patients, and directed his assistants as to what was necessary to be done; that in addition he frequently did the work himself required by patients; and it also may fairly be stated that the evidence for appellant not only fails to show that there was any substantial part of his work that he did not at times perform, but, on the other hand, shows that during all of this time he did not lose a single day from his business, and upon occasions throughout that period performed every substantial duty and service that could be performed by any one in said business, remaining a part of that period in his office and performing all sorts of work involved in his profession as much as six hours a day. We are convinced from a careful reading of the evidence that it does not even tend to show that the assured's disability was such as prevented him continuously from performing all of the substantial acts required of him during the period from his return to his office about August 7th until his death on November 4th."

Applying the principles of the cases as thus developed to the facts of the case before us, we are constrained to hold that the appellee did not establish his right to recover the monthly indemnity sued for even under the doctrine of "liberal interpretation." As stated, the evidence showed that the appellee, although helped at times in the discharge of his duties, has during most of the time performed them all himself. He is earning the same wages as he did prior to the accident, and, although he experiences more difficulty in getting his work done, yet as a matter of fact he is doing it. This is not a case where the injured party performs only a part of the work he did prior to his accident or performs only fitfully all of such tasks. It is a case where day in and day out the injured party is found at his labor performing all or substantially all of his duties. To permit a recovery under the liberal interpretation doctrine would be to write a new policy for the parties. This, as we said in the Doyle case, we are not warranted in doing. Hence the court erred in not sustaining the appellant's motion for a peremptory instruction on this ground.

As to the second ground, the policy provided that there could be no recovery for this monthly accident indemnity in excess of the time that the insured should be under the treatment of a legally qualified physician or surgeon. In his petition, the appellee averred that he had been under the treatment of such a physician during the period for which recovery was sought. The appellant traversed this allegation. The appellee offered no proof to sustain it. There is nothing in such a provision that is unreasonable or against public policy. On the contrary, it is a reasonable provision to guard the insurance companies against malingerers. Cf. 1 C. J. 466. As appellee failed to show that he was under the care of a physician during the period for which he sought recovery, the court should also on this ground have sustained the appellant's motion for a peremptory instruction.

The motion for an appeal is therefore sustained, and the appeal is granted. The judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.