# John Hancock Mutual Life Insurance Company v. Cave.

(Decided June 16, 1931.)

WILLIAM MARSHALL BULLITT, BRUCE & BULLITT, and R. LEE BLACKWELL for appellant.

ROBERT HUBBARD for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

John Hancock Mutual Life Insurance Company issued to Audrey B. Cave a certificate to the effect that "under and subject to the terms and conditions of a Group Policy of Insurance issued and delivered to her employer, The Chesterfield Shirt Co., the sum of five hundred dollars would become available to her upon due proof of total disability as the result of injuries, sickness

or disease, as therein defined." The definition of total disability, in so far as relevant to this case, was that the insured had been continuously prevented by the injuries, sickness, or disease from performing any and every duty pertaining to her occupation, and which presumably would continue during her lifetime to prevent the pursuit of any occupation for wages or profit. The insured instituted an action against the insurer to recover $500 on the certificate, upon the allegation that she had become totally disabled within the terms of the contract. The insurance company denied all liability on the ground that plaintiff had not suffered a total disability within the purview of the policy, that the proof of her sickness or disease did not disclose a condition within the definition of disability, and that certain terms of the Group Policy had not been complied with so as to make the insurance presently available. The circuit court struck out the last defense, and submitted the case to the jury upon the issue of total disability. The jury found for the plaintiff, judgment was rendered in her favor, and the insurance company has prosecuted an appeal.

■ The appellant insists that it was entitled to a peremptory instruction in its favor. The ground of the motion was that the evidence of total disability was insufficient to authorize a submission of that question to the jury.

Miss Cave had suffered a facial paralysis. She testified that the first symptom was a feeling of dizziness, followed by the contraction of the muscles which drew her mouth around to one side, her eyes partially closed, and she felt extremely weak. She was sent home and continued to suffer to such an extent that she was unable to resume her employment. She tried to work but could not do so because of headaches and impaired vision caused by the contraction of the facial muscles. Her eyes stood open and unprotected and became irritated. She was unable to sit up continuously and had grown gradually worse. She performed some light household work, such as sweeping the bedroom and washing the dishes. Her physician testified that she was suffering from a facial paralysis. Her mouth was drawn to the right, she was very nervous, had headaches and atosis, or falling of the eyelids. Her condition has failed to improve, and both sides of her face have become involved. He expressed the opinion that the condition was per-

manent, that no improvement could be expected, and, on account of the vertigo and disordered vision, she would be unable to do any work.

The testimony for the defendant tended to show that the condition was a mere "cosmetic defect" which should not disable the patient at all, or at most, for only a brief period. But her condition had grown gradually worse, and more than a year had elapsed from the time it first developed.

The test of total disability, under an insurance contract of the character and terms of the one here involved, is whether the condition is such as to prevent the insured from transacting all kinds of business or work pertaining to his occupation or employment. National Life & Accident Ins. Co. v. O'Brien's Ex'x, 155 Ky. 498, 159 S. W. 1134; Ætna Life Ins. Co. v. McCullagh, 195 Ky. 136, 241 S. W. 836; Fidelity & Casualty Co. v. Logan, 191 Ky. 92, 229 S. W. 104; Hartford Accident & Indemnity Co. v. Davis, 184 Ky. 487, 210 S. W. 950; Doyle v. N. J. F. & P. Ins. Co., 168 Ky. 789, 182 S. W. 944, Ann. Cas. 1917D, 861; Provident L. & A. Ins. Co. v. Harris, 234 Ky. 358, 28 S. W. (2d) 40; Henderson v. Continental Casualty Co., 239 Ky. 93, 39 S. W. (2d) 209.

Such a contract does not refer to a condition of utter helplessness, but must have been intended to cover such physical impairment as disabled the insured from performing all material acts in the discharge of the usual and customary duties connected with his occupation or employment. Continental Casualty Co. v. Linn, 226 Ky. 328, 10 S. W. (2d) 1079; Ohio National Life Ins. Co. v. Stagner, 231 Ky. 275, 21 S. W. (2d) 289; Cf. United States v. Ranes (C. C. A.) 48 F. (2d) 582.

The evidence tended to show the total disability of the insured, and it was sufficient to carry the case to the jury, and to sustain the verdict. The fact that the testimony for the defense tended toward a contrary conclusion did not deprive the plaintiff of her right to have the facts determined by the jury. Pacific Mutual Life Ins. Co. v. Cash, 224 Ky. 292, 6 S. W. (2d) 239.

■ The point is made that the proof of disability furnished the insurance company was insufficient to establish the fact. As we have seen already, there was evidence of the fact sufficient to sustain the finding of the jury to that effect, and it is unnecessary to determine the sufficiency of the proof originally submitted to the insur-

ance company. It denied all liability, and did not call for further proof concerning the condition of the insured. In such cases, it is immaterial to inquire into the subordinate question, when the main issue is under investigation. National L. & A. Ins. Co. v. Hedges, 233 Ky. 840, 27 S. W. (2d) 422.

■ In its answer the defendant pleaded that the group policy pursuant to which the certificate to Miss Cave was issued, contained provision to the effect that any amount payable under the policy might be paid in a fixed number of installments chosen by the employer from a table contained in the group policy, and, when the beneficiary happened to be a minor, the installments should be paid to such person as the employer should designate for the sole benefit of such minor. It was alleged that the employer had not designated any payee, and had not fixed the installments to be paid. The circuit court struck that portion of the answer, and the appellant complains of the ruling. The opinion of the trial court stated the reason for the order to be that the introduction of the group policy, referred to in the certificate sued upon, but not attached thereto, was forbidden by section 656, Kentucky Statutes, and the decisions construing it. We need not determine the interesting questions argued upon this branch of the case, since the provisions relied upon merely provided an option of payment of the indemnity due by installments fixed by the employer to a person designated by it. Whether or not that duty had been performed by the employer was wholly immaterial in this case, because the insurance company denied liability to the plaintiff in any event.

It is the settled rule that denial of liability waives the option to pay in installments, even under a contract of that character, and it necessarily follows that such conduct would operate as a waiver of a right to have a third party fix the amount of the installments. The court did not err in rendering a judgment for the full amount due the plaintiff. Travelers' Ins. Co. v. Turner (Ky. decided May 22, 1931), 239 Ky. 191, 39 S. W. (2d) 216; German Ins. Co. v. Hazard Bank, 126 Ky. 730, 104 S. W. 725, 31 Ky. Law Rep. 1126; Home Ins. Co. v. Roll, 187 Ky. 31, 218 S. W. 471.

■ It is argued with some vigor and much ingenuity that the verdict of the jury was palpably against the evi-

60

dence; but the argument is devoid of merit. The testimony for the plaintiff tended to sustain the claim of total disability, and the jury was the judge of the weight of the evidence and the credibility of the witnesses. Moreover, the jurors saw the young lady and her affliction was of such a nature that her appearance was not without weight in considering the conflicting evidence concerning her condition. In such cases we are not warranted in directing a new trial. Pacific Mutual Life Ins. Co. v. Cash, 224 Ky. 292, 6 S. W. (2d) 239; Commonwealth Life Ins. Co. v. Pendleton, 231 Ky. 591, 21 S. W. (2d) 985, 66 A. L. R. 1526.

The judgment is affirmed.

The whole court sitting.