## Columbia Casualty Co. v. McHargue.

(Decided Nov. 22, 1932.)

LOUIS I. IGLEHEART for appellant.
E. B. ANDERSON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming in Part and Reversing in Part.

In his application for an accident policy, the appellee, L. B. McHargue, gave his occupation as "Secretary and General Manager," and stated his duties were "office and traveling, not visiting or entering mines." The policy issued by the appellant insured him as "Secretary and General Manager" against loss and disability resulting from accidental injuries in the usual terms. McHargue was then with a corporation operating a mine in McLean county. He later became the owner of and operated a small mine in Laurel county.

On April 10, 1930, while carrying a bucket of coal into the basement of his home in London, his foot caught or slipped on the stairway, which caused him to fall, and in catching himself he received a severe jerk which resulted in a small hernia.

The policy was issued in Daviess county, and in that county the insured filed this suit alleging that he had sustained total disability for a period of thirteen weeks and partial disability immediately following that period until the time the suit was filed. The verdict was in his favor for $520 covering eight weeks' total disability, and $975 covering thirty weeks of partial disability. The appeal is from the judgment entered thereon. It is necessary to consider only the point that the evidence of total disability was not sufficient to authorize the submission of the case on that plea.

There are two provisions of the policy with which we are concerned. The first covers total disability and a promise to pay $65 weekly for an injury sustained by accident that "shall wholly and continuously disable and prevent the insured immediately following the accident from performing any and every duty pertaining to his occupation." The other provision relates to partial disability and is a promise to pay fifty per cent. of the amount payable for total disability for a period not exceeding thirty weeks.

In the many insurance policies of this kind, we encounter different phraseology to express or define total disability or the degree of disability for which indemnity is provided. It is our policy to give to these insuring terms a liberal interpretation. Continental Casualty Company v. Linn, 226 Ky. 328, 10 S. W. (2d) 1079; Henderson v. Continental Casualty Company, 239 Ky. 93, 39 S. W. (2d) 209; National Life & Accident Insurance Company v. Bradley, 245 Ky. 333, 53 S. W. (2d) 701. But, as said in Provident Life & Accident Insurance Company v. Harris, 234 Ky. 358, 28 S. W. (2d) 40, 41:

"We have never gone so far as to render the insurance company liable in every state of case in utter disregard of the contract made by the parties."

It is impossible because of variations in the provisions

of the policies and the circumstances of the cases to give an exact or definite formula for determining the question of total disability. Of necessity, it is a relative matter, and depends largely upon the occupation and employment of the insured, as well as the extent of the injury. The abstract construction given is t h a t the disability must be such as to prevent the insured "from doing all the substantial a c t s required of him in his business." To state it another way: If the insured was prevented from transacting any substantial, material, or important part of his business or doing or performing any substantial, material, or important thing or duty customarily done or performed in his occupation, he is totally disabled. John Hancock Mutual Life Insurance Company v. Cave, 240 Ky. 56, 40 S. W. (2d) 1004, 79 A. L. R. 848, and cases supra and infra.

The premium was doubtless fixed with the insured's stated occupation in view, for provision is made in the contract for a subsequent modification of the classification and the premium rates and an adjustment of indemnity in case of injury received in a more hazardous occupation. The specific classification is also material as affecting the degree of disability, for what would be total disability in one occupation might not be so in another. See Travelers' Insurance Company v. Turner, 239 Ky. 191, 39 S. W. (2d) 216. It is in that respect only that it becomes important in the case before us, for the accident was in no way related to the occupation of the insured. Cf. Benefit Association of Railway Employees v. Secrest, 239 Ky. 400, 39 S. W. (2d) 682.

The indemnity is for such disability as "shall wholly and continuously disable and prevent the insured * * * from performing any and every duty pertaining to his occupation." The occupation here was in effect represented by the insured to consist of office work and traveling in the interest of his company, with the express declaration that his duties did not include visiting and entering mines. The appellee testified that his duties at the time he was injured were the same as when the policy was issued, but at a different mine.

We must determine whether the evidence is sufficient as a matter of law to show that the insured was

rendered unfit or disabled from performing substantially or practically all material acts, mental and physical, characterizing his occupation, namely, that of general manager of a mine, eliminating from our consideration incidental subsidiary acts as well as heavy physical labor and those things having relation to entering a mine, for such were not within the contemplation of the contract. 1 C. J. 464; Couch on Insurance, secs. 1670, 1688; 4 Joyce on Insurance, sec. 3031; Fidelity & Casualty Company of New York v. Bynum, 221 Ky. 450, 298 S. W. 1080; Benefit Association v. Secrest, supra; James v. U. S. Casualty Company, 113 Mo. 622, 88 S. W. 125, 126; Bellows v. Travelers' Insurance Company (Mo. Sup.) 203 S. W. 978; Metropolitan Casualty Insurance Company v. Cato, 113 Miss. 283, 74 So. 114, 118.

According to the plaintiff, his duties required him to do "most anything." He enumerated them to include seeing to the loading and weighing of coal, keeping time, directing the operations in several specified ways, some of which required him to go back into the mine; and that many of his duties were physical acts, such as helping to unload slate, dumping and shoveling coal, and replacing wrecked cars on the track.

Concerning the effect of his injury, he stated that he did not pay much attention to it, and went about his work that day. In the afternoon, because of pain, he quit work and laid down. The next day he was informed by a physician that he had a rupture or hernia. For some time afterward he had to lie down frequently during the day, but occasionally went to the mines and superintended some of the work. He stated that he was prevented from doing practically anything that required any lifting or stooping. After securing a truss, he got around and did "a right smart little bit and helped as to looking after the work." This continued for thirteen weeks. He estimated that thereafter he could do about 25 per cent. of what he could do before the accident. On cross-examination, it developed that he went every day to the mine, which was about eight miles from his home; that he weighed up the coal; sold his products; picked sulphur out of the coal; kept the time; saw that there were plenty of ties, rails, and timbers, and that the machinery was kept up and the coal brought out, and the cars returned into the mine.

These enumerated activities must be regarded as destroying or at least modifying the general statements as to the extent of the interference with his occupation caused by the injury. Duvall v. Commonwealth, 198 Ky. 609, 249 S. W. 768; Bass v. Commonwealth, 232 Ky. 445, 449, 23 S. W. (2d) 926, 928; Ætna Life Insurance Company v. McCullagh, 191 Ky. 226, 229 S. W. 1033.

The appellee's physician testified that immediately after McHargue claimed to have been injured, as above stated, they found him suffering with a slight hernia, and at that time he was not able to labor because of pain. They testified that he later secured a truss which enabled him to do ordinary light work, but because of the danger involved he was not in condition to perform any heavy manual labor. McHargue testified the doctors never prescribed anything for him except that a surgeon recommended that he wear a truss. He began doing so three or four months after the injury.

The evidence for the company was to the effect that, after the accident, McHargue continued to do all that he did before, and continued to do the same manual labor about the mines that he had theretofore done. Surgeons testifying for it described the hernia and stated that from an examination of McHargue it should not have prevented him from doing office work, and with a properly fitted truss he could do ordinarily light manual labor. Their testimony minimizes the injury and its effect.

Looking for guidance to the precedents applying the total disability clause to the facts, one will observe the difficulties met in allocating a particular case between the two classes—total disability and partial disability. There is a twilight zone between them. We may note some of the cases where the policy provision was identical or substantially the same as that before us and in which the facts were similar, and in which it was held they did not come within the terms of the policy.

In Ætna Life Insurance Company v. McCullagh, 191 Ky. 226, 229 S. W. 1033, 1035, the insured was a clerk and messenger of the financial secretary of an institution. His injuries resulted in a stiffening and shortening of his leg, and required the use of a crutch.

His injury was painful, serious, and permanent. While the evidence showed that he was greatly inconvenienced and handicapped, and though he testified, as did the appellee here, that he could not do several things he had previously done in his work, the facts developed upon his cross-examination showed that, while perhaps he did not do them, yet he was able to do so. As stated in the opinion, "Our inquiry is addressed to the effect it (the injury) has upon his ability to perform his customary duties."

A leading case is Doyle v. N. J. Fidelity & Plate Glass Insurance Company, 168 Ky. 789, 182 S. W. 944, Ann. Cas. 1917D, 851. The view was expressed that recovery should not be denied because the insured was able to do minor and trivial things or to direct his business and do some work himself, or if his injuries were such that common prudence demanded that he desist from his labors and rest if it was reasonably necessary to effect a cure; but that it should be denied if he was able to do the things which constitute substantially all of his occupation, or if he was not disabled from doing all the substantial and material acts necessary to be done. Recovery was denied because the insured (a dentist) was in his office regularly and at times performed substantially all of his accustomed duties as set out in the opinion.

Where a laborer about a railroad station, during most of the time in which he claimed to have been disabled and prevented "wholly and continuously * * * from performing any and every duty pertaining to his business or occupation," had performed all or substantially all of his duties, although with more difficulty, it was held in Provident Life & Accident Insurance Company v. Harris, 234 Ky. 358, 28 S. W. (2d) 40, that he was not entitled to recover under the policy, and that the court should have so directed the jury.

In Coburn v. Maryland Casualty Company, 224 Ky. 377, 6 S. W. (2d) 471, the insuring clause was identical. A railroad conductor had his fingers badly mashed, and they became infected. For a continuous period of three weeks, and at other times intervening before his death, the insured performed all of his duties of his occupation, although it appeared he was suffering from his injuries. The trial court was sustained in having directed a verdict for the insurance company.

Continuing our exploration into the cases, we find many assembled in 24 A. L. R. 204; 37 A. L. R. 151; 41 A. L. R. 1376; 51 A. L. R. 1048; 79 A. L. R. 857. Among the notes are several cases in which the same clause was construed and applied to occupations of an administrative or executive character; and, where the insured was able to continue in his work, although handicapped to more or less extent, recovery was denied for total disability.

Because of the description of duties, we may note particularly James v. U. S. Casualty Company, 113 Mo. App. 622, 88 S. W. 125, in which the insured was a queensware merchant. He was insured as a "proprietor" with duties stated to be "office duties and traveling." It was held that the policy should be regarded as insuring James against inability to perform the substantial things incident to his general occupation and not merely to office duties and traveling.

In 7 Couch on Insurance, sec. 1688, there are also collated and classified the cases involving persons engaged in a particular occupation or business. The pertinent case of Hollobaugh v. People's Ins. Ass'n, 138 Pa. 595, 22 A. 29, is there digested thus:

"Where the insured, an oil well superintendent, sustained a severe injury in the muscles of his left arm which totally incapacitated him from following his regular occupation for a certain period, and prevented him subsequently for some time from doing certain parts of his work, it was held that there was neither a 'partial permanent' nor a 'total permanent' disability, it appearing that he was at no time confined to the house, that on several occasions he visited oil wells under his supervision, and gave directions as to what should be done, and that he made purchases of supplies, paid the workmen, and made reports to his employer, although he was compelled to hire other persons to perform the principal part of his duties."

It is our conclusion that the appellant did not show total disability within the terms of his policy, and that the trial court should have withheld the submission of that issue from the jury.

It is tacitly admitted by the appellant that the insured was entitled to recover under the partial dis-

ability clause of his policy. The claim of error in the instructions pertains to total disability. Hence it has not been necessary to consider it.

To the extent that recovery was had for partial disability, the judgment is affirmed; but, as to the total disability issue, it is reversed for consistent proceedings.