# Republic Life & Accident Insurance Co. of Louisville et al. v. Gambrell.
(Decided March 7, 1933.)

64

STEPHENS & STEELY for appellant.
POPE & UPTON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The Republic Life & Accident Insurance Company, Incorporated, of Louisville, Ky., issued and delivered on August 6, 1930, to Garrett Gambrell, a policy containing a provision entitled, "Monthly Sickness Indemnity."

The interpretation and application thereof, in the light of the proven facts, are presented for determination. The facts are not disputed. The company offered no evidence to overcome the testimony in behalf of the insured. Garrett Gambrell, at the time the policy was issued, was in good health, residing at Corbin, Ky., and engaged in the business of a barber. On November 27th after the issuance of the policy, he was

stricken with neuritis or rheumatism, beginning with a catch in his hip, running down his leg to his ankle. Within two weeks thereafter his body became drawn. He remained constantly in his home from November 27, 1930, until February 27, 1931, under the continuous treatment of a physician. On February 27th he went to a sanatorium at Martinsville, Ind., where he stayed 15 days and was treated by a physician, when he returned to the home of his mother at Covington, Ky. He remained at her home under the treatment of physicians until he went to a hospital at Cincinnati, Ohio, where he remained in a plaster cast thirty-six days, still being treated by physicians. At the end of that period he again returned to the home of his mother at Covington, where he remained until the plaster cast treatment was discontinued on August 1, 1931. He returned to Corbin, Ky., on the 10th or 12th of September, 1931. He claims that he was in bed nine months—or practically nine months. After he returned to Corbin in September, on the advice of physicians theretofore given to him, he would get out of his home and walk by the use of crutches or a cane, but would have to sit down and rest for about 15 minutes at a time, when he would return to his home and go to bed. The case was submitted to the jury on evidence showing these facts, under instructions of the court, which we shall hereafter consider. The jury returned a verdict in Gambrell's favor for $1,050. The company appeals.

The confining sickness clause provides indemnity for not exceeding 12 months for sickness, "which confines the insured continuously within doors and requires regular visits therein by a legally qualified physician, provided said sickness necessitates total disability and total loss of time." The nonconfining sickness clause indemnifies the insured at one-half the monthly amount, payable under the confining sickness clause, for not exceeding one month for disability for nonconfining sickness which requires regular medical attention and results in total disability and total loss of time. Under the confining sickness clause, to entitle the insured to indemnity as therein provided, three things must concur: (a) The sickness must be such as confines the insured continuously within doors; (b) require regular visits therein by a regular qualified phy-

sician; and (c) the sickness must be such as necessitates total disability and total loss of time. The non-confining clause contains the same requirements, except the sickness need not be such as to confine the insured continuously "within doors." The evidence fairly shows that Gambrell was sick for nine months, and his ailment was of such character as continuously confined him "within doors" within the meaning of these terms as they are used in the policy. It is shown, however, that he went alone, after being assisted on the bus at Corbin, Ky., to Martinsville, Ind., where he was confined in the sanatorium until he returned to the home of his mother at Covington, Ky., when again he traveled alone. During the time he was confined in the home of his mother, he visited, by the use of crutches and persons assisting him, the office of a physician who treated him. When he returned from the home of his mother in September to Corbin, Ky., he traveled alone. It is argued by the insurer that these facts show that he was not confined "within doors" within the meaning of these terms as they are used in the policy. So to construe the words "within doors" as to mean that although an insured is in such ill health that he must remain in his home under the treatment of a physician, except when immediately going to and returning from the office of a physician, or a sanatorium or hospital for treatment, he is not confined within doors continuously, is to defeat the policy. Such a narrow construction is inconsistent with reason, and entirely out of harmony with the opinions of this court. Henderson v. Continental Casualty Company, 239 Ky. 93, 39 S. W. (2d) 209; John Hancock Mutual Life Ins. Co. v. Cave, 240 Ky. 56, 40 S. W. (2d) 1004, 79 A. L. R. 848; Metropolitan Plate Glass Co. v. Hawes' Ex'x, 150 Ky. 52, 149 S. W. 1110, 42 L. R. A. (N. S.) 700; Home Protective Ass'n v. Williams, 150 Ky. 134, 150 S. W. 11. In the Hawes Case the policy provided for payment of the indemnity, if the insured was confined to the house or bed, under the care of a physician, it was held that although the insured on the advice of his physician sat out of doors part of the time, he was entitled to recover. The same principle was enunciated in Home Protective Ass'n v. Williams, supra.

In Life & Casualty Co. of Tenn. v. Metcalf, 240 Ky. 631, 42 S. W. (2d) 909, 910, the rules of construction in such cases were stated in this language:

"The policy should be construed in favor of the insured so as not to defeat a claim of indemnity, which he intended to secure, and which the insurer intended that he should have by virtue of its policy in case of injury or death, coming within the limits of its language. Spring Garden Ins. Co. v. Imperial Tobacco Co., 132 Ky. 7, 116 S. W. 234, 20 L. R. A. (N. S.) 277, 136 Am. St. Rep. 164; Benefit Assn. of Ry. Employees v. Secrest, 239 Ky. 400, 39 S. W. (2d) 682. Its language is to be construed so as to effectuate the insurance and not so as to defeat it. North River Ins. Co. v. Dyche, 163 Ky. 271, 173 S. W. 784. It should be given a practical and rational construction, one consistent with reason and common fairness rather than one that tends to defeat it, if the terms of the instrument will fairly and justly permit it. Benefit Ass'n. of Ry. Employees v. Secrest, supra. Phrases or words of ambiguous, doubtful, or equivocal meaning, appearing in the policy, are to be construed in the insured's favor. General Accident, Fire & Life Assur. Corp. v. Louisville Home Tel. Co., 175 Ky. 96, 193 S. W. 1031, L. R. A. 1917D, 952. If practical, such construction thereof should be given it as to cover the subject-matter. Firemen's Ins. Co. v. Yarbrough, 234 Ky. 525, 28 S. W. (2d) 771. Another one of universal application is that: 'A contract of insurance will be construed strictly against the insurer and liberally in favor of the insured.' Ætna Ins. Co. v. Jackson, Owsley & Co., 16 B. Mon. 242. They are fundamentally based upon the fact that the language therein was carefully and intentionally chosen, and used in the policy by the insurer, in the absence of the insured, with the intent and for the exclusive purpose of protecting itself against claims arising in the future by reason of its contract of insurance, and that the insured had no opportunity of examining it before it was delivered to him."

It is apparent that the meaning of the words "within doors," as contended for by the insurer in this case, conflicts with these established rules of construction. Both the confining and nonconfining sickness clauses provided indemnity for "total disability." These words were defined in Columbia Casualty Co. v.

McHargue, 246 Ky. 93, 54 S. W. (2d) 617; Equitable Life Assurance Soc. v. Fannin, 245 Ky. 474, 53 S. W. (2d) 703; Fidelity & Casualty Co. of N. Y. v. Logan, 191 Ky. 93, 229 S. W. 104; Consolidated Coal Company v. Crislip, 217 Ky. 371, 289 S. W. 270; Doyle v. N. J. Plate Glass Co., 168 Ky. 789, 182 S. W. 944, Ann. Cas. 1917D, 851; National Life & Accident Ins. Co. v. O'Brien's Ex'x et al., 155 Ky. 498, 159 S. W. 1134; Ohio National Ins. Co. v. Stagner, 231 Ky. 275, 21 S. W. (2d) 289. In the O'Brien Case it was stated that a recovery should not be denied under such clause as we have before us, when the evidence shows the insured was able to be up and about and to do minor and trivial things not requiring his time or attention, cr to direct his business, and do some of the work himself. If his injuries (illness) are such that common prudence demands that he desist from his labors and rest so long as it is reasonably necessary to effect a speedy cure, and he is unable to do the things which constitute substantially all of his occupation or wholly disabled or doing all of the substantial and material acts necessary to be done. Whether Gambrell's disability resulting from his illness was total, or such as confined him continuously within doors, was, under the evidence, a question for the jury. Both the confining and nonconfining sickness clauses authorize the payment of the indemnity as therein specified for disability resulting from sickness which requires regular visits or the regular attendance of a legally qualified physician. This stipulation of the policy is binding upon both the insured and the insurer. A like provision was held by this court to be neither unreasonable nor against public policy, but enforceable in Provident Life & Accident Ins. Co. v. Harris, 234 Ky. 358, 28 S. W. (2d) 40. The evidence of Gambrell fails to show accurately and definitely when the physicians ceased to visit or regularly attended him. The insurer is entitled to avail itself of this provision of the policy, even though the insured on the advice of physicians took walks or sat out doors a part of the time after his return to the home of his mother or brother.

Instruction No. 1 as given conforms to the principles set forth in this opinion. Instruction No. 2 disregards that language of the policy providing indemnity only if his illness is such as requires regular visits or regular attendance of a physician. Instruction No.

3 authorized the jury to find for sickness which did not confine the insured continuously within doors, but required regular medical attention, without limit as to time; whereas, the nonconfining sickness clause provides for indemnity at the rate of one-half the monthly sickness specified in part (A) for one day or more, not exceeding one month. This instruction should have limited the recovery in the language of this clause. The court on another trial will in his instructions regard the language of the policy as indicated herein.

For the errors appearing in the instructions, the judgment is reversed for proceedings consistent with this opinion.