## Equitable Life Assurance Society of United States v. Branham (and five other cases).

(Decided June 20, 1933.)

(As Modified on Denial of Rehearing Oct. 31, 1933.)

BRUCE & BULLITT, JOHN E. TARRANT, EUGENE B. COCHRAN and LEO T. WOLFORD for appellants.

J. L. HARRINGTON for appellees Gilliam and Hall.

KIRK & WELLS and Z. WELLS for appellees Porter, Davis, Bowling, and Branham.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming in part and reversing in part.

These six cases were instituted by the holders of certificates issued to employees of the Consolidation Coal Company to which a group life insurance policy was issued by the Equitable Life Assurance Society of the United States. The Consolidation Coal Company received and retained possession of the group life insurance policy and an employee received and held his certificate. After the certificates were issued they were delivered to the employee who retained possession of his respective certificate. It is stated by counsel of the appellant that:

> "These certificates which appear in the evidence of the case, contain the total and permanent disability divisions and important portions of the group policy."

From time to time riders were added to the policy in virtue of a provision thereof. Further quoting from appellant's brief:

> "These riders subsequent to August 1, 1931, do not affect either of these appeals because the

six appellees ceased to work for the employer prior to the effective date of the riders and their respective disabilities began prior to the effective date of the subsequent riders. Individual certificates under paragraph four (4) of the policy—'certificates and conversions'—were duly issued to each of the appellees. Because of the addition of August 1, 1931 rider and because it materially changed the total and permanent disability provisions by requiring that the disability must arise wholly from accidental causes within six months after effective date of the employee's insurance, the old certificates (dated August 1, 1931) continuing the new disability provisions, were issued in lieu of the old form. In the John R. Porter, James Branham, and George Hall appeals the appellees declared upon the old form certificates under which amount of each monthly disability-installment was greater and the number of the installments was smaller, than under the new form certificates and the August 1, 1931 rider. In the James Branham case the judgment is for the number and amount of installments as they are set out in the old form certificates instead of the number and amount provided in the August 1, 1931 rider.''

We shall hereafter revert to a consideration of the James Branham certificate and judgment thereon.

The appellant urgently insists that the cause of action, if any the appellees had, against it, should be based on the group policy certificate and not on the certificate of the appellant to the employees. The record discloses that the appellant without an objection presented in any form to the several appellees basing their respective causes of action on the certificate instead of the group policy as it here contends was proper, filed its answer, in which it set forth the conditions, terms, and provisions of the policy, entitling the employee to the insurance therein provided for and agreed to be paid if the disabilities asserted in the petition of each of the employees existed as therein set forth. The failure of the appellant to present in the trial court its objections to the several actions being based on the certificates instead of the policy and its answer setting forth the policy and the filing of the same, were a waiver of the objections here and

now presented. John Hancock Mutual Life Ins. Co. v. Cave, 240 Ky. 56, 40 S. W. (2d) 1004, 79 A. L. R. 848. The judgment conforms to the pleadings of the parties and it is conceded by appellant in its brief that the certificates which are the basis of the causes of actions of the appellees "contained the total and permanent disability provisions and the important portions of the group policy, it must be regarded that the appellant elected to thus present the issues and try the causes of actions." Thereafter it cannot now avail itself of an objection to the actions being instituted on the certificates even if the right of action was limited to one on the group policy itself. See John Hancock Mutual Life Inurance Co. v. Cave, supra.

Branham recovered $156 payable under group disability policy because he was totally disabled during his employment and his disability was not due to sickness for which he was treated by a physician. Bowling recovered $94 for disability on like certificate for which disability was not due to sickness for which he was treated by a physician. There is a failure of evidence showing that Branham and Bowling were attended by a physician during the time each claims his disability was endured. The disability policy of each of them provides that the sick benefit shall not be paid unless the employee is disabled during his employment and that he was attended by a physician during the time for which he claims the benefit of the disability policy. This provision of the policy is binding upon both the insured and the employer. A like provision was held by this court to be neither unreasonable nor against public policy but enforceable, in Provident Life & Accident Ins. Co. v. Harris, 234 Ky. 358, 28 S. W. (2d) 40, and Republic Life & Accident Ins. Co. v. Gambrell, 248 Ky. 63, 58 S. W. (2d) 219.

On the authority of these cases Branham and Bowling were improperly allowed to recover the $156 and $94, respectively.

The disability clause in the policy provides:

"In the event that any employee while insured under the aforesaid policy * * * become totally disabled by bodily injury or disease, and * * * shall be so disabled as presumably to be continuously prevented for life from engaging in any occupa-

tion or performing any work for compensation or financial value. * * *,"

As to this issue the trial court instructed the jury that the words "totally disabled" as used in these instructions mean inability to do substantially or practically, all material acts in the transaction of plaintiff's regular occupation or business and continuous manner and usual form. The appellant complained of these instructions. This instruction, in substance, was approved in Columbia Casualty Co. v. McHargue, 246 Ky. 93, 54 S. W. (2d) 617; Equitable Life Assurance Society v. Fannin, 245 Ky. 474, 53 S. W. (2d) 703, 706; Fidelity & Casualty Co. of New York v. Logan, 191 Ky. 93, 229 S. W. 104; Consolidation Coal Co. v. Crislip, 217 Ky. 371, 289 S. W. 270; Doyle v. New Jersey Plate Glass Co., 168 Ky. 789, 182 S. W. 944, Ann. Cas. 1917D, 851; Ohio National Life Ins. Co. v. Stagner, 231 Ky. 275, 21 S. W. (2d) 289.

In Equitable Life Assurance Society v. Fannin, the words "wholly disabled" which are synonymous with the words "totally disabled" were defined to mean "inability to do and perform in a reasonable and practicable way all material acts in the pursuit of the occupation or empployment of the insured," but do not mean absolute helplessness or entire physical disability. When the definition of the term "total disability" as defined by the trial court is used with its language, it is in substance and meaning identical with the definition thereof in the Fannin Case, supra. The policies in these cases clearly were an insurance against such presumably total disability as might prevent the insured from following their regular occupations in which they were engaged at the time of their respective injuries, and none other.

It is urged that the verdicts in the several cases are not authorized by the evidence. Without repeating the evidence in each of the cases it is sufficient to say that it amply supports the verdict and adhering to the rule that this court will not interfere with the verdict of the jury, if there is any evidence supporting it, unless it is flagrantly and palpably against the weight of the evidence, we see no reason for interrupting either verdict in these cases. The jury returned a verdict in favor of each of the appellees for a fixed, definite

amount. Much complaint is made of this fact. Whatever error prejudicial to the rights of the appellant might have resulted from this form of the verdict, it was cured by the form of the judgment.

The judgments are in the following form:

"It is therefore adjudged by the Court that plaintiff recover from and that defendant pay him the sum of $—— per month beginning March 25, 1932, and that same amount on the same day of each succeeding month thereafter until it has paid the sum of thirty-five monthly payments or installments, totaling $—— or until plaintiff's presumably permanent and total disability ceases in event same should cease prior to the time required to make payment of the total of said thirty-five monthly installments and defendant shall have the rights contained and specified in the policy sued on herein, upon which it may proceed for the purpose of determining if such presumably permanent and total disability has terminated.

"For the purpose of further determining the rights of the parties hereunder it is ordered that this case be filed away with right to redocket at any time until all of said monthly payments have been made or plaintiff's right to receive same or any part thereof is terminated by reason of recovery from his presumably permanent and total disability. * * *"

This form of judgment is not without precedent. Very often in cases of alimony and compensation under the Workmen's Compensation Act (Ky. Stats., sec. 4880 et seq.), a certain sum is adjudged payable in monthly installments, and in case of the happening of certain subsequent events, changing conditions, and status of parties entitling the one to a decrease or cessation to the payment of the installments, the party entitled thereto may present grounds therefor to the court or proper forum and be relieved thereof. The judgments entered in the instant cases determined the rights of the parties under the contract of insurance, and not their rights during the period in which the installments may be paid. If a condition may arise in the future entitling the company, under the policy, to cease to pay the monthly installments to any of the appellees, the

grounds therefor may be made to appear in court and an order entered on the evidence presented by the parties at that time. The reasonableness of this provision of the judgments is perfectly apparent on their face. In the case of Howard v. Benefit Ass'n of Ry. Employees, 239 Ky. 465, 39 S. W. (2d) 657, 81 A. L. R. 375, the judgment carried no such provision as found in these in the present cases, which clearly distinguishes it from the instant cases, and foreign cases cited by appellant.

It will be noted that the judgments in the cases at bar adjudge that defendant pay plaintiffs a certain sum per month so long as the presumably permanent and total disability continues, but in the event same should cease prior to the time the total sum is paid in installments, the judgment will be satisfied, notwithstanding the total sum found by the jury has not been paid. The judgments as a whole are strictly in conformity with the provisions of the policy. Plaintiffs cannot in any event recover a total sum in excess of the sum found by the jury, and the defendant has the right to show that such presumably permanent and total disability has terminated, in which event payment of the installments under the judgment would cease.

Inasmuch as the judgments are in conformity with the provisions of the policy and the pleadings, the substantial rights of appellant are not affected thereby.

In so far as the judgment of the Branham case carries a recovery of the amount of the old form of certificate instead of the amount provided in the August 1, 1931, rider, on the return of the case to the circuit court the judgment will be corrected accordingly.

For reasons indicated the judgments in the cases of Gilliam, Davis, Hall, and Porter are affirmed, and the judgment in case of J. L. Bowling is affirmed except as to the said sum of $94 and as to this item it is reversed. The Branham case is affirmed except as to the said sum of $156, and to the extent that he recover under the provisions of the August 1, 1931, rider instead of the old form certificate, and in these respects it is reversed, all of which is remanded for proceedings consistent herewith.