[S. F. No. 12130. In Bank.—April 11, 1929.]

CARL OGBURN, as Administrator, etc., Respondent, v. THE TRAVELERS INSURANCE COMPANY (a Corporation), Appellant.

Joseph T. O'Connor for Appellant.

Burbank & Spence, Daniel W. Burbank and Homer R. Spence for Respondent.

WASTE, C. J.—The defendant appeals from a judgment entered in favor of plaintiff as administrator of the estate of Byron C. Ogburn, deceased, in an action brought upon a policy of accident insurance. The deceased purchased a "Travel Accident Ticket Policy" from the agent of the defendant insurance company at San Antonio, Texas. While in San Francisco he was killed in an accident occurring in the Hotel Flower, which hotel maintained an elevator service used by guests, visitors, employees, tradesmen and waiters. The evidence discloses that on the day of the accident the deceased, in company with a friend, summoned the elevator to the ground floor for the purpose of being conveyed to the fifth floor. In response to the summons, the elevator was brought to the ground floor by its operator. As the door of the elevator was opened, the deceased's companion stepped into the car, which immediately started upward, without the operator having previously closed the

door. Deceased, apparently following close upon the heels of his friend, stepped through the open door into the elevator shaft, and fell to the basement, receiving the injuries which resulted in his death.

The introductory clause or caption of the policy issued to the deceased by the defendant company states that it "Covers Accidents Only While a Passenger on Passenger Conveyances and While in or About Railroad Passenger Stations. Age 18 to 70." In the body of the policy it is declared that "The Travelers Insurance Company hereby insures . . . against bodily injuries effected solely by external, violent and accidental means, and sustained while riding as a passenger on any public conveyance provided by a common carrier and such conveyance is being propelled on land or water by mechanical power . . . " In the presentation of the appeal, both sides have devoted considerable portions of their briefs to the following two questions: Whether the introductory clause or caption of an insurance policy is to be read and construed with the provisions appearing in the body of the instrument? And, whether an elevator maintained by a public hotel for the convenience of those having occasion to use the same is a common carrier within the meaning of the particular policy here involved? We need consider only the first.

█ In the interpretation of a written instrument the primary object is to ascertain and carry out the intention of the parties thereto. (*Burnett* v. *Piercy,* 149 Cal. 178, 189 [86 Pac. 603]; *First Nat. Bank* v. *Bowers,* 141 Cal. 253, 262 [74 Pac. 856].) This fundamental rule finds recognition in section 1636 of our Civil Code, wherein it is provided that "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." As to the hardships, advantages or disadvantages which may result from such a construction, the courts have nothing to do. (*Gazos Creek etc. Co.* v. *Coburn,* 8 Cal. App. 150, 156 [96 Pac. 359].) █ The intention of the parties is, of course, to be ascertained from a consideration of the language employed by them and the subject matter of the agreement. (*Los Angeles Gas & E. Co.* v. *Amalgamated Oil Co.,* 156 Cal. 776, 779 [106 Pac. 55].) A contract should be construed, however, as an entirety, the intention being gath-

ered from the whole instrument, taking it by its four corners. Every part thereof should be given some effect. (Sec. 1641, Civ. Code.) In other words, ''the sense and meaning of the parties to any particular instrument should be collected *ex antecedentibus et consequentibus;* that is to say, every part of it should be brought into action, in order to collect from the whole one uniform and consistent sense, if that may be done.'' (*Balfour* v. *Fresno C. & I. Co.,* 109 Cal. 221, 227 [41 Pac. 876, 878].) Section 1648 of the Civil Code declares that ''However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract.''

■ With these fundamental rules of construction before us, we experience little hesitation in concluding that the parties to the policy of insurance here involved could not have intended it to cover an accident of the nature of the one disclosed by the evidence herein. In arriving at this conclusion, we have duly considered and weighed the entire policy, including the introductory clause or caption. On its face, the instrument is definitely characterized as a ''Travel Accident Ticket Policy.'' ■ A person boarding, riding on, or leaving an elevator maintained by a public hotel in which he happens to be either permanently or transiently residing cannot, by any stretch of the imagination, be said to be engaged at the time in ''travel,'' as that term is commonly understood and unquestionably employed in the policy here in question. It is interesting to note, also, that the caption of the policy significantly describes it as covering accidents while a passenger on passenger conveyances, ''and while in or about railroad passenger stations,'' thus lending added substantiation to the conclusion that the parties could only have intended to include within the provisions of the policy those accidents incident to ''travel,'' and could not have had in mind, in executing the contract of insurance, protection to the assured against an accident in or about an hotel lobby or elevator.

■ In the disposition of this appeal, we have not lost sight of the familiar rule requiring all uncertainties and ambiguities in a policy of insurance to be resolved against the insurer, who is presumed to have selected and incorporated into the policy the language employed therein.

That rule can only have application when the policy actually presents some uncertainty or ambiguity. In the absence thereof, the courts have no alternative but to give effect to the contract of insurance as executed by the parties. As pertinently declared in *First Nat. Bank* v. *Maryland Casualty Co.*, 162 Cal. 61, 69 [Ann. Cas. 1913C, 1170, 121 Pac. 321, 325]: "Before one is entitled to recover upon a policy of insurance it is essential that he bring himself within the express provisions of the policy. While in the construction of insurance policies the rule is that doubtful provisions are to be construed in favor of the insured and in aid of his right to recover thereon, the rule is equally well established that where the terms of the policy are plain and explicit the court can indulge in no forced construction of the contract to cast a liability upon the insurance company which it has not assumed."

The judgment is reversed.

Richards, J., Curtis, J., Preston, J., Shenk, J., Seawell, J., and Langdon, J., concurred.