While the complaint in this action is in three counts, a stipulation between the parties was filed before trial dropping the third count, agreeing that there is due the plaintiff under the second count $214.20, with interest from June 1, 1938, and further agreeing as to the following facts relative to the first count concerning which the question in this case arises.
The plaintiff at all times hereinafter mentioned prior to June 1, 1938, was an employee of the defendant insurance company, and was insured by said defendant under a group contract pursuant to the terms of which there was issued to him a certificate. Copies of said contract and certificate are in evidence. Under the terms of said contract and certificate the plaintiff would be entitled to $24 per week for each week of temporary disability due to bodily injury or disease after the first seven days of such disability, for a period of 52 weeks, provided he was not, during *Page 370 
such period, able to engage in any gainful occupation or employment for wage or profit, and provided further, that during such period he was treated by a physician duly licensed to practice and practicing medicine. It was further agreed by the stipulation that the plaintiff gave notice to the defendant of an alleged temporary disability commencing March 31, 1938, and that the only issues to be determined by the court under the first count are: whether the plaintiff was so disabled, and if so, whether he was during such disability treated by a physician as required by the terms of said contract and certificate, and if so, for what period he was so disabled and so treated, such period in no event to extend beyond May 31, 1938.
The first question, therefore, is: Was the plaintiff disabled? On March 31, 1938, the plaintiff suffered what may be denominated in common language as a nervous breakdown, and on that date was attended by a physician who described in his testimony the symptoms he found upon examination, and the manifestations of the plaintiff's illness. There was no evidence offered by the defendant in contradiction of this testimony, so that the court concludes from the attending physician's and the plaintiffs' testimony that the plaintiff was suffering as he claims. Rest and a change of scene and environment were prescribed as about the only treatment which could be of any substantial help to the plaintiff, plus his own determination to get better.
The next question is that as to the duration of the plaintiff's disability. He had a brother living in Miami, Florida, and in keeping with the physician's suggestions for a cure, the plaintiff decided to go for a rest to his brother's home in Miami. Four days after his examination by his physician, the plaintiff took an airplane for Miami, which method of transportation his physician testified was the best way for him to go to Florida.
The court does not question the plaintiff's condition when he left for Miami. He was evidently a sick man. He remained in Florida till about the middle of May, when he returned to Hartford, and then went to his sister's home in New Britain, where he remained five to six weeks.
During the time he was in Miami, his condition apparently gradually improved, as it did while he was in New Britain on his return. Whether he stayed in Miami longer than was necessary, it is difficult to say. Only the person suffering from such a nervous condition can tell when he is recovered. The *Page 371 
significant fact, however, is that he took an agent's examination on May 27, 1938. So the court concludes the plaintiff was recovered when he returned from Miami.
The next question is this: Granting that the plaintiff was sick as claimed, and that the duration of his sickness was until his return from Miami, does his disability warrant a recovery under the provision of the policy relating to the requirement for the treatment of a physician during his disablement?
The pertinent clause reads: "The Temporary Disability Insurance shall not cover any period of disablement during which the employee is not treated by a physician who is duly licensed to practice and is practicing medicine."
The plaintiff was visited, and treatment prescribed for him by his physician on March 31, 1938. That was the only time the plaintiff consulted a physician while in either Hartford or Miami during the period of his disablement. The plaintiff contends, however, that due to the nature of his illness it was not necessary for him to have a physician attending or treating him during the period of disablement; that his trouble was not organic but functional and known as neurasthenia; that rest and a change of scene was about the only form of prescription that could be given him; and that the time of recovery depended in large part on the patient himself. The defendant contends on the other hand that the wording of the clause in question is clear and unambiguous; the plaintiff must have been treated by a physician during the time of his sickness, otherwise no recovery can be had.
In Providence Life Accident Ins. Co. vs. Harris, 234 Ky. 358,359, 28 S.W.2d 40, 41, the policy provided that indemnity should not be paid "in excess of the time the insured is under the treatment of a legally qualified physician or surgeon." Harris failed to offer any proof that he had been under the treatment of such a physician during the time for which recovery was sought and denied.
In Equitable Life Assur. Soc. of U.S. vs. Branham, 250 Ky. 472,475, 63 S.W.2d 498, 499, the court said, concerning a similar provision: "There is a failure of evidence showing that Branham and Bowling were attended by a physician during the time each claims his disability was endured. The disability policy of each of them provides that the sick benefit shall not be paid unless the employee is disabled during his employment and that he was attended by a physician during *Page 372 
the time for which he claims the benefit of the disability policy." Recovery was denied, the court saying, further, that such a provision is not unreasonable or against public policy.
In Equitable Life Assur. Soc. of U.S. vs. Burns, 254 Ky. 487,488, 71 S.W.2d 1009, 1010, the clause of the policy read: "The insurance under this policy shall not cover death or disability due to injury .... sickness or diseases for which the insured employee is not treated by a physician." There was no evidence that he was treated for the injury for a certain period for which the trial court had awarded him a sum of money. The appellate court said it was error to permit Burns to recover for disability for which he was not treated by a physician.
In Carabelli vs. Mountain States Life Ins. Co., 8 Cal.App.2d 115,116, 46 P.2d 1004, 1006, a plaintiff was held entitled to benefits only in the event of illness "which confines the Insured continuously within doors and requires regular visits therein, at least once in every seven days, by a legally qualified physician." In that case the evidence showed illness, result of a shock, during the period in question, which did not confine him continuously within doors, and which did not require regular visits therein by a physician. Such evidence was held as insufficient for recovery. In that case, also, the plaintiff stressed the fact that he was totally disabled. This was conceded, but the court held "regular visits therein" once every seven days were necessary. The court went on to say (p. 117 of 8 Cal.App. [2d]): "The general rule is that an insured must bring himself within the express terms of the policy before he is entitled to recover thereon and where these terms are plain and explicit, the courts cannot create a new contract for the parties by a forced construction of such plain and explicit terms. Thus the rule of liberal construction in favor of the insured can only have application when the policy presents some uncertainty or ambiguity."
The claimant in that case so far recovered that he no longer required regular visits in his home by a physician but was able to take extended walks and visit his physician at his office.
In Republic Life Accident Ins. Co. vs. Gambrell, 248 Ky. 63,58 S.W.2d 219, the clause in the policy required confinement within doors and regular visits therein by a legally qualified physician. In construing the policy the court said (p. 67 of 248 Ky.): "It should be given a practical and rational *Page 373 
construction, one consistent with reason and common fairness rather than one that tends to defeat it, if the terms of the instrument will fairly and justly permit it."
In the instant case it was undoubtedly true that the nature of the plaintiff's illness did not require regular consultations with a physician. The advice and prescription of a change of scene and environment, with plenty of rest and as little exertion as possible, other than walks, was perhaps all the plaintiff's physician could give. On the other hand, it is very probable that some such cases would require periodic attention and checking up by a physician. At least some persons suffering with such an illness would feel the necessity for regular consultation with their physician. But the wording of the policy provision in this case is clear and explicit. It reads first of the "period of disablement" of the employee. There must be a time of disability. In addition to this, the employee must be treated by a legally qualified physician during the "period of disablement." Merely having his case diagnosed and prescribed for once is not sufficient under the wording in question. In all the cases referred to above, there were periods of disablement but no treatment or attendance by a physician; that is, for the period for which recovery was sought. These cases emphasize the necessity of visits or treatments by a physician before recovery can be had for the period of disablement.
The plaintiff argues, however, that the physician had done all he could on his first visit of March 31, 1938, and that no further visits from, or consultations with him were necessary, provided the patient followed his advice and direction. This was undoubtedly so. Events showed it was so in this case, but the plain wording of the policy requires that the patient be treated by a physician during the "period of disablement." As the cases point out, the insured must bring himself within the express terms of the policy before he is entitled to recover thereon, "and where these terms are plain and explicit, the courts cannot create a new contract for the parties by a forced construction of such plain and explicit terms. Thus the rule of liberal construction in favor of the insured can only have application when the policy presents some uncertainty or ambiguity."Carabelli vs. Mountain States Life Ins. Co., supra.
There is no ambiguity in the policy provision in the instant case, and recovery cannot be had under the first count of this complaint. *Page 374 
 It was agreed by the stipulation that there was due the plaintiff under the second count the sum of $214.20, with interest from June 1, 1938. Judgment is, therefore, directed for the plaintiff to recover of the defendant $214.20, with interest from June 1, 1938, to date, of $18.20, or a total of $232.40.