[Civ. No. 9743. Third Dist. Apr. 20, 1960.]

GUY BURDETTE KERR et al., Appellants, v. HERBERT C. BREDE, JR., et al., Respondents.

150

Mitchell & Henderson and Cooley, Crowley, Gaither, Godward, Castro & Huddleson for Appellants.

Mathews & Traverse for Respondents.

PEEK, J.—Defendants own an easement of right-of-way across plaintiffs' timber land, acquired by grant. For several years prior to the filing of the present complaint defendants, by licensing independent loggers and truckers to use the road, have in effect operated a toll road. Plaintiffs contend that this licensing is in violation of the terms of the contract entered into by the predecessors in interest of the parties, and accordingly seek injunctive relief. The only issue presented is the construction of paragraph 6 of that contract which provides:

"Sellers hereby grant to Purchaser a perpetual and exclusive right-of-way and easement upon, over and across Sellers' lands. Said right-of-way and easement shall be forty (40) feet in width and shall be located upon Sellers' lands along such route as may be selected by Purchaser, and shall be used by Purchaser, its successors, assigns and licensees, for road and highway purposes, for the purpose of transporting logs, timber, machinery, logging equipment, and all other properties in any way incident to or connected with the logging, timber and lumber business, over and across the Sellers' lands, and for the purpose of maintaining, operating, repairing and reconstructing power lines, telephone lines and other utility services across Sellers' lands, *it being the intention of the Purchaser to use such right-of-way and easement for the purpose of connecting properties owned or to be owned, or controlled or to be controlled by Purchaser and lying on various sides of the Sellers' lands with each other and with existing roads and existing utility services.*" (Emphasis added.)

The trial court viewed the italicized clause as "entirely gratuitous" and denied the relief sought. We have concluded that the court's decision was erroneous.

It is well settled that "in construing an instrument conveying an easement, the rules applicable to the construction of deeds generally apply. *(Eastman* v. *Piper,* 68 Cal.App. 554 [229 P. 1002].) If the language is clear and explicit in the conveyance, there is no occasion for the use of parol evidence to show the nature and extent of the rights

acquired. A written agreement, unless it is ambiguous, must be construed by a consideration of its own terms. The meaning and intent thereof is a question of law and the reviewing court is not bound by the trial court's findings and conclusions regarding such intent and meaning. (*Brant* v. *California Dairies, Inc.*, 4 Cal.2d 128 [48 P.2d 13]; *Buehler* v. *Reilly*, 157 Cal.App.2d 338 [321 P.2d 128].)'' (*Keeler* v. *Haky*, 160 Cal.App.2d 471, 474 [325 P.2d 648].) It is the further rule that a grant is to be construed in like manner with contracts generally. (Civ. Code, § 1066; *Paddock* v. *Vasquez*, 122 Cal.App.2d 396, 399-400 [265 P.2d 121].) Thus ''the whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.'' (Civ. Code, § 1641.) Stated otherwise a ''. . . contract should be construed . . . as an entirety, the intention being gathered from the whole instrument, taking it by its four corners. Every part thereof should be given some effect.'' (*Ogburn* v. *Travelers Ins. Co.*, 207 Cal. 50, 52-53 [276 P. 1004]; see also *Mitchel* v. *Brown*, 43 Cal.App.2d 217, 221 [110 P.2d 456].)

 The contract in issue in the present case provides for the sale of standing timber on plaintiffs' land and, incident to that sale, grants an easement of right-of-way across the land. The easement is not limited in scope to the transportation of timber cut from plaintiffs' land alone but also contemplates timber cut from other properties then owned or subsequently owned or controlled by the purchaser in the surrounding area. This appears to be in line with the practice of loggers to ''block out'' large areas of timber at the same time, regardless of property boundaries. We think it unnecessary to decide whether the easement is appurtenant or in gross, since in either case the use thereof ''. . . must be confined strictly to the purposes for which it was granted or reserved.'' (17A Am. Jur., Easements, § 115, p. 723.)

Gauged by the rules previously enunciated, we conclude that the last clause of paragraph 6 can be reconciled with, and therefore serves as a limitation upon, the first portion of that paragraph. The predecessors in interest of both these litigants signed the agreement quoted in part above, and both therefore adopted the language contained in it. As previously noted, this court cannot ignore any part of that agreement unless a flat contradiction in its terms forces us to do so, and we find no such contradiction. While the phraseology of paragraph 6 might have been more explicit, we think it clear that the

parties intended that the right-of-way be used only in conjunction with the removal of timber cut by the purchaser in the general area surrounding the sellers' lands. Furthermore, to accept the conclusion that the final clause of paragraph 6 is "entirely gratuitous," would be to allow defendants to continue their profitable enterprise of licensing strangers to pass over plaintiffs' land. As we read the contract, this is clearly contrary to the intention expressed by the original parties to the agreement, and since defendants can have no greater right than their predecessor in interest, we must reject the trial court's decision.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied May 16, 1960.