[Civ. No. 24622.   First Dist., Div. Three.   Jan. 6, 1969.]

KERR LAND & TIMBER CO., Plaintiff and Respondent, v. R. H. EMMERSON et al., Defendants and Appellants.

630

Mathews & Traverse and Francis B. Mathews for Defendants and Appellants.

Mitchell, Henderson & Dedekam, Robert C. Dedekam and Arthur E. Cooley for Plaintiff and Respondent.

BROWN (H. C.), J.—This is an appeal from a judgment granting an injunction against excess use of an easement. It is the third appeal in this case.

Respondent Kerr Land & Timber Co. (Kerr) is the present owner of the Barr Ranch. The appellants (Emmerson) are the owners of a roadway easement across this ranch.

In 1957 the Kerrs as individuals (now incorporated) instituted this action to enjoin the use of the easement for transporting logs produced outside the area described in the grant. The court in the first trial denied the injunction but on appeal the judgment was reversed.

The appellate court in the first appeal (*Kerr v. Brede,* 180 Cal.App.2d 149 [4 Cal.Rptr. 443]) held that "The contract in issue in the present case provides for the sale of standing timber on plaintiffs' land and, incident to that sale, grants an easement of right-of-way across the land. The easement is not limited in scope to the transportation of timber cut from plaintiffs' land alone but also contemplates timber cut from other properties then owned or subsequently owned or controlled by the purchaser in the surrounding area. This appears to be in line with the practice of loggers to 'block

out' large areas of timber at the same time, regardless of property boundaries. We think it unnecessary to decide whether the easement is appurtenant or in gross, since in either case the use thereof '. . . . must be confined strictly to the purposes for which it was granted or reserved.' (17A Am.Jur., Easements, § 115, p. 723.)

''Gauged by the rules previously enunciated, we conclude that the last clause of paragraph 6 can be reconciled with, and therefore serves as a limitation upon, the first portion of that paragraph. The predecessors in interest of both these litigants signed the agreement quoted in part above, and both therefore adopted the language contained in it. As previously noted, this court cannot ignore any part of that agreement unless a flat contradiction in its terms forces us to do so, and we find no such contradiction. While the phraseology of paragraph 6 might have been more explicit, we think it clear that the parties intended that the right-of-way be used only in conjunction with the removal of timber cut by the purchaser in the general area surrounding the sellers' lands. Furthermore, to accept the conclusion that the final clause of paragraph 6 is 'entirely gratuitous,' would be to allow defendants to continue their profitable enterprise of licensing strangers to pass over plaintiffs' land. As we read the contract, this is clearly contrary to the intention expressed by the original parties to the agreement, and since defendants can have no greater right than their predeecssor in interest, we must reject the trial court's decision.'' (At pp. 151-152.)

The case was retried. On retrial the court in its findings of fact and conclusions of law limited the use of the easement to transportation of logs to and from lands which were immediately adjacent to the Barr Ranch at the time of the execution of the agreement creating the easement in 1946.

The judgment of the court in the second trial was again appealed and on appeal was remanded for redefinition of the extent of the area to be serviced by the easement and for a determination as to whether appellants had acquired a greater use of the easement by prescription. (See *Kerr Land & Timber Co.* v. *Emmerson,* 233 Cal.App.2d 200 [43 Cal.Rptr. 333].)

At the third trial there was no evidence introduced. The parties reargued the issues as directed by the appellate court. The trial court entered judgment for respondent, particularly describing the area to be serviced by the easement and adjudged that appellants did not acquire any further rights by adverse use.

Appellants now contend that the trial court erred (1) in its determination of the limited area embraced by the easement, and (2) that the trial court failed to make a requested finding on the issue of constructive notice of the adverse use by which appellants claim a prescriptive right to extend the uses of the easement.

Appellants ask that the case be remanded to the trial court before a different judge for the determination of these issues.

As to the first issue, the easement provides: "6. Sellers hereby grant to Purchaser a perpetual and exclusive right-of-way and easement upon, over and across Sellers' lands. Said right-of-way and easement shall be forty (40) feet in width and shall be located upon Sellers' lands along such route as may be selected by Purchaser, and shall be used by Purchaser, its successors, assigns and licensees, for road and highway purposes, for the purpose of transporting logs, timber, machinery, logging equipment, and all other properties in any way incident to or connected with the logging, timber and lumber business, over and across the Sellers' lands, and for the purpose of maintaining, operating, repairing and reconstructing power lines, telephone lines and other utility services across Sellers' lands, *it being the intention of the Purchaser to use such right-of-way and easement for the purpose of connecting properties owned or to be owned, or controlled or to be controlled by Purchaser and lying on various sides of the Sellers' lands with each other and with existing roads and existing utility services.*" (Italics added.)

Relative to the interpretation of the extent of the easement, the trial court made the following finding: "The words 'lying on various sides of Seller's lands,' as used in said grant of easement were intended by the parties of said grant to mean, . . . and include, only lands which were on May 2, 1946, and ever since have been, situated within the drainage area known as Maple Creek Basin, to-wit, lands therein which lie between Maple Creek Road and Snow Camp Road, which roads are public roads in said Humboldt County." The trial court in its interpretation observed that Maple Creek Basin as bounded by Maple Creek Road and Snow Camp Road embraced a sizeable area of fir timber and that the lumber industry was now aware of its marketability. The trial court also had the testimony of a logging consultant who stated that area as delineated by the court constituted an attractive integrated unit which would produce logs that would justify the construction of the easement roadway.

■ Both Maple Creek Road and Snow Camp Road were in existence at the time of the grant and form natural geographic boundaries. The determination of the trial court that the Maple Creek Basin area constituted the area from which logs could be produced for transportation over the easement is a reasonable interpretation of the intent of the parties to the grant in using the words "existing roads." The trial court based its finding on credible evidence. In the light of all the circumstances the language of the grant is fairly susceptible to the conclusion of the trial court which conclusion will not be disturbed on appeal. (See *Pacific Gas & Elec. Co.* v. *G. W. Thomas Drayage etc. Co.,* 69 Cal.2d 33 [69 Cal.Rptr. 561, 442 P.2d 641].)

Appellants next contend that the respondent and its predecessors had constructive notice that the easement roadway was used to transport logs from outside the Maple Creek Basin for a period in excess of five years and the right to continue such excess use has now been acquired by prescription by appellants.

■ The period fixed for the acquisition of prescriptive rights is five years. (Code Civ. Proc., § 321; Civ. Code, § 1007.) ■ The instant action was filed on May 28, 1957 and, as the adverse use may be interrupted by the filing of an action to enjoin the claimed excess use, we are thus concerned with the five-year period prior to that date.

■ It is settled that to establish rights by adverse use the owner must be notified in some way that the use is hostile and adverse but actual notice is not indispensable. Either the owner must have actual knowledge or the use must be so open, visible and notorious as to constitute reasonable notice. (2 Cal.Jur.2d, § 52, pp. 556-557 and cases cited; see also 110 A.L.R. 915, enlargement of easement by use for prescriptive period for purpose or in manner other than specified in grant.) The appellate court in *Kerr Land & Timber Co.* v. *Emmerson, supra,* in remanding for further findings on the issue of prescriptive rights referred to evidence of two hostile uses prior to May 28, 1952, and directed the trial court to determine the existence of the other elements of adverse possession, i.e., open, notorious, etc. The two uses of the easement in question commencing prior to May 28, 1952, were (1) transportation of logs from the *nonadjacent* Russ Ranch under license from Dolly Varden during the years 1948 and 1949, and (2) transportation by Hanson Brothers under license from Dolly Varden of 9 million board feet of logs at

the rate of 25 or 30 truck loads a day from Snow Camp Upper Redwood Creek Basin property during the year 1951.

While there is no specific finding as to the location of the Russ Ranch or its timber, it has been referred to as being within the area bounded by Maple Creek Road and Snow Camp Road. This would indicate that the Russ Ranch is in the Maple Creek Basin and not outside the area delineated by the trial court. As the evidence does not establish that the transportation of logs from the Russ Ranch was from outside the area, this use may be eliminated as an adverse use.

The second use referred to by the appellate court was the transportation of 9 million board feet of logs from beyond the Snow Camp Road by Hanson Brothers. This required transportation over the easement of 25 or 30 trucks per day which passed within eyesight of the Barr Ranch house. The trial court was directed to determine whether this was an adverse use. The appellants also requested the trial court to make a specific finding as to whether "the user . . . was of such a nature as to impart notice to the world of the extent of the user . . ."

Although the trial court adjudged that appellants did not acquire any rights to a more extensive use by adverse usage, it failed to make the finding requested by appellants. The trial court also failed to follow the direction of the appellate court, i.e., to determine whether the elements of adverse use were present in this use which it had specified as being a hostile use.

■ "As a general rule 'a judgment will not be set aside on appeal because of a failure to make an express finding upon an issue if a finding thereon, consistent with the judgment, results by necessary implication from the express findings which are made.' [Citations.] However, this rule does not apply if the appealing party made a request for a specific finding upon the issue in controversy." (*City of National City* v. *California Water & Tel. Co.*, 204 Cal.App.2d 540, 545 [22 Cal.Rptr. 560].)

■ The trial court having failed to make the finding as directed, this court must again remand, or pursuant to section 956a of the Code of Civil Procedure, may make the finding itself under its power to add to the findings of the trial court. Such findings may be based on evidence adduced before the trial court.

■ One of the prime purposes of appellate fact finding is to supply the missing finding which will result in affirmance

of the judgment and termination of the litigation. *(St. Paul Fire & Marine Ins. Co.* v. *Hartford Acc. & Indem. Co.,* 244 Cal.App.2d 826, 833-834 [53 Cal.Rptr. 650].)

■ At the last hearing before the trial court the parties indicated there was no further evidence to be offered. This litigation was commenced in 1957 and there have been three appeals during the past eleven years. Also, there is ample evidence in the record upon which a finding may be made. It is unlikely that remanding for a fourth trial could produce anything additional on the subject of the constructive notice which appellants claim should be attributed to respondent. It appears that it is to the interest of all parties that the issue be resolved in this appeal.

It is true that the Kerrs' "knowledge of the activities of Way in milling the Dolly Varden timber on the Barr and adjacent Coward parcels into finished lumber, may well have put them on inquiry as to the source of the 25 or more trucks a day that went by with logs." *(Kerr Land & Timber Co.* v. *Emmerson, supra,* 233 Cal.App.2d 200, 232.) Despite this knowledge there was evidence which could support the belief that the logs being transported came from within the Maple Creek Basin. This was a sizeable area. There were other permissive users of the roadway over the Barr Ranch. The record discloses the Salisburys, the Wiggins, the Russes and other neighbors used the easement without toll or objections. The use permitted to others had reciprocal benefits to respondent who, in turn, received the right to use rights-of-way belonging to these parties.

The trial court said in its memorandum opinion that the extent of the use beyond the grant was "primarily unknown to them and to the minor extent known was considered by them to be temporary and was permitted in a spirit of friendly accommodation." The Kerrs maintain that they first became aware in 1955 of the possible use of the easement road for the transportation of timber removed from outside Maple Creek Basin when they discovered in that year an extension of the easement road had been constructed to the Snow River Camp Road.

It is concluded that the evidence supports a finding that the passage of trucks bearing logs produced outside the area was not sufficient when considered with the circumstances of other permissive users to put a reasonable person (respondent) on notice as the source of those logs.

■ It is recognized that the reviewing court is not to use

its fact finding powers to make determinations of fact from conflicting evidence presented to the trial court (*Logoluso* v. *Logoluso*, 233 Cal.App.2d 523 [43 Cal.Rptr. 678]), but here there is a failure of proof by appellants. ▮ The right of the reviewing court to make additional findings must be determined on the facts of the individual case. ▮ Issues as to whether use of an easement is adverse and under claim of right or is permissive and as to whether the nature of the use is sufficient to put the owner on notice to make further inquiry are questions of fact and if there is any substantial evidence to support the judgment, it must be affirmed. (*Guerra* v. *Packard*, 236 Cal.App.2d 272 [46 Cal.Rptr. 25].)

▮ In reviewing the evidence, this court must resolve conflicts in favor of the respondent and must indulge in all reasonable and legitimate inferences to uphold the judgment. (*Mason* v. *Lyl Productions*, 69 Cal.2d 79, 84, 85 [69 Cal.Rptr. 769, 443 P.2d 193].) The appellants have not established the adverse use by clear and satisfactory evidence. We are not compelled to draw an inference that the Kerrs knew or should have known the source of the timber being transported over the easement, or that all came from outside the Maple Creek Basin, or that there was continuity of that adverse use for the statutory period, or that they should have made inquiry as to the source of the logs. ▮ To the contrary, "It is elementary that the burden is upon one claiming the acquisition of a right by prescription to prove same [citations] by the clearest and most satisfactory proof [citations] ; and to establish all of the elements essential to such title [citations]." (*Hahn* v. *Curtis*, 73 Cal.App.2d 382, 389 [166 P.2d 611].) The appellants have failed to sustain this burden of proof.

In summary, the trial court's delineation of the area embracing the easement is a reasonable interpretation of the intent of the parties to the grant and is based upon substantial evidence and reasonable inferences.

▮ The evidence also compels a finding that the appellants have not met the burden of proof that respondent had actual or constructive notice of adverse users, and therefore additional rights have not been acquired by appellants to transport logs from outside the easement area described in the grant and as now delineated by the trial court.

The judgment is affirmed.

Draper, P. J., and Salsman, J., concurred.