Filed 12/15/15  Taylor Concrete Plumbing v. Zippy's Currency X-Change CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TAYLOR CONCRETE PUMPING CORP. et al., | B258831 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC438252) |
| v. | |
| ZIPPY'S CURRENCY X-CHANGE, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark A. Borenstein, Judge.  Affirmed.

Lozoya & Lozoya, Frank J. Lozoya IV; Gary V. Hickson, in pro. per., for Plaintiffs and Appellants.

Ryan Gordon; Lewis & Ham, Yoon Ham and Michael Lewis for Defendants and Respondents.

_____

Gary Hixon, as assignee of the original judgment creditors, Taylor Concrete Pumping Corp. and Taylor Transportation, Inc. (collectively, Taylor), appeals an order awarding attorney fees to judgment debtors Zippy's Currency X-Change, Inc., Mark J. Zippert and Carol Zippert (collectively, the Zipperts) in connection with the Zipperts' successful motion to compel acknowledgement of satisfaction of judgment. (Code Civ. Proc., §§ 724.050, 724.080.)[1] In a prior appeal involving the same parties and largely the same trial court proceedings, we affirmed the order compelling Hixon to file the acknowledgment of satisfaction of judgment. (*Taylor Concrete Pumping Corp. v. Zippy's Currency X-Change, Inc.* (Jul. 30, 2015, B256900) [nonpub. opn.] (*Taylor Concrete*).)

Section 724.080 mandates that "the court *shall* award reasonable attorney's fees to the prevailing party" in a proceeding maintained to compel a judgment creditor to file an acknowledgement of satisfaction of judgment. (Italics added.) The trial court followed that directive and awarded the Zipperts their reasonable attorney fees in connection with the order we affirmed in the prior appeal. Hixon's claims of error—each premised on the dubious contention that the trial court did not order an award of attorney fees when it granted the Zipperts' motion to compel—are directly refuted by the record below and section 724.080's mandate. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

The facts concerning the underlying dispute between the Zipperts and Taylor, their stipulation for entry of judgment against the Zipperts and the terms for satisfaction of said judgment, Taylor's assignment of the judgment to Hixon, Hixon's collection efforts, and the other events preceding the Zipperts' motion to compel an acknowledgment of satisfaction of judgment are summarized in our prior opinion (*Taylor Concrete, supra,* B256900) and in a companion opinion filed concurrently therewith (*Hixon v. Zippy's*

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise specified.

2

*Currency X-Change, Inc.* (Jul. 30, 2015, B256439) [nonpub. opn.]). We will not repeat those facts here. Suffice it to say, in our prior opinion we affirmed the trial court's order compelling Hixon to file an acknowledgment of satisfaction of judgment. (See *Taylor Concrete, supra,* B256900.)

As part of their motion to compel an acknowledgment of satisfaction of judgment, the Zipperts requested an award of attorney fees pursuant to section 724.080. In their motion, the Zipperts argued Hixon refused to file an acknowledgment of satisfaction within 15 days after they made a proper demand under section 724.050, thereby entitling them to an award of attorney fees, as the prevailing party, upon a finding that the judgment had been satisfied. In support of the motion and fee request, the Zipperts' counsel offered a declaration stating that he spent a total of 17.2 hours working on the motion, at a rate of $250 per hour. Hixon opposed the motion with respect to whether the judgment was satisfied, but did not challenge the amount of attorney fees requested or the Zipperts' entitlement to fees in the event the court ruled in their favor.

On June 2, 2014, the trial court held a hearing on the Zipperts' motion. The court noted the motion included a request for attorney fees pursuant to section 724.080, but the hearing otherwise focused exclusively on whether the Zipperts satisfied the judgment. After nearly a full day of argument, the court continued the hearing to June 6, 2014.

On June 6, 2014, the court orally announced its decision to grant the Zipperts' motion; however, a court reporter was not present and the court's oral ruling was not recorded. Later the same day, the court issued a written minute order stating the "Motion is granted." The minute order directed Hixon to execute a full acknowledgment of satisfaction of judgment by June 13, 2014. However, notwithstanding the Zipperts' request and section 724.080's mandate, the order made no mention of the courts' ruling on the attorney fee request.

Due to the absence of a court reporter at the June 6, 2014 hearing, the court issued a second minute order on June 9, 2014 to provide a "brief explanation of the order issued in open court." The minute order specified the court's basis for granting the Zipperts' motion, while focusing principally on the court's rationale for rejecting Hixon's various

3

arguments in opposition to the motion. Apart from stating again that the Zipperts' "motion is granted," the June 9, 2014 minute order made no reference to the relief sought by the motion and, again, said nothing of the court's ruling on the Zipperts' request for attorney fees.

Nevertheless, in a declaration filed with this court under a motion to consider additional evidence on appeal pursuant to section 909, the Zipperts' counsel, Ryan Gordon, testifies that he, as well as Hixon's counsel and Hixon, were present at the June 6, 2014 hearing, at which the trial court expressly granted both the motion to compel acknowledgment and the request for attorney fees in its oral ruling.[2] According to Gordon, in granting the attorney fees request, the court instructed counsel to file a supplemental declaration by June 13, 2014 setting forth the additional fees incurred up to

---

[2] Section 909 provides, "The reviewing court may for the purpose of making the factual determinations or for any other purpose in the interests of justice, take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal, and may give or direct the entry of any judgment or order and may make any further or other order as the case may require." Section 909's principal purpose is to allow the appellate court to make factual findings that will result in affirmance of the judgment or order so as to terminate the litigation without the need for remand to the trial court to supply the missing findings. (See *J.J. v. County of San Diego* (2014) 223 Cal.App.4th 1214, 1227, fn. 4; see also *Kerr Land & Timber Co. v. Emmerson* (1969) 268 Cal.App.2d 628, 635-636 [discussing appellate fact finding pursuant to former Code Civ. Proc., § 956a].) An unreported hearing is not the same as an omitted factual finding, and, as such, section 909 typically is not the accepted procedural vehicle for supplying the missing record; the proper vehicle is a settled statement pursuant to California Rules of Court, rule 8.137. Be that as it may, the facts supplied by counsel's declaration serve only to corroborate and clarify subsequent court filings and orders that are part of the record, thereby filling a gap that would otherwise be filled by our presumption of correctness. (See, e.g., *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [where appellant fails to provide a reporter's transcript or settled statement, "it is presumed that the unreported trial testimony would demonstrate the absence of error"].) Accordingly, in the interests of justice and for purposes of assessing a complete record of the proceedings pertaining to the order on appeal, we grant the Zipperts' unopposed motion to take additional evidence. (See, e.g., *Rialto Citizens for Responsible Growth v. City of Rialto* (2012) 208 Cal.App.4th 899, 915, fn. 5.)

4

and including the June 6, 2014 hearing.  The court further specified that Hixon would have 10 days from receipt of the declaration to respond or object.

On June 12, 2014, Hixon filed a notice of appeal from the order compelling him to file an acknowledgment of satisfaction of judgment.  (See *Taylor Concrete, supra,* B256900.)

On June 13, 2014, the Zipperts served Hixon with their counsel's supplemental declaration, captioned as "SUPPLEMENTAL DECLARATION OF RYAN GORDON REGARDING ATTORNEY'S FEES AWARDED ON JUNE 6, 2014, IN CONJUNCTION WITH GRANTING OF DEFENDANTS MOTION TO COMPEL SATISFACTION OF JUDGMENT."[3]  The declaration stated that Gordon had spent an additional 42.2 hours preparing the Zipperts' reply brief and attending hearings on the motion to compel acknowledgment of satisfaction of judgment.  Coupled with the 17.2 hours incurred in connection with the moving papers, and at a rate of $250 per hour, the declaration stated the Zipperts incurred attorney fees totaling $14,850 in connection with the motion.  Hixon did not respond or object to the supplemental declaration.

On July 23, 2014, the court entered an order awarding the Zipperts attorney fees in the amount of $14,850.  The order reads in pertinent part:  "Having been fully briefed and argued, based upon the motion, the opposition, the reply, all documents filed in connection therewith, and the argument presented at the hearing and for good cause appearing, on June 6, 2014, it was ordered that Defendant MOVANTS were entitled to attorneys fees as the prevailing party on their motion pursuant to CCP § 724.010, et seq.  As to the amount of attorney's fees subject to that order, it is hereby ordered, adjudged and decreed that MOVANTS shall be awarded reasonable attorney fees incurred in

---

[3]  Hixon filed a request to take judicial notice and augment the record with certain trial court records, including the supplemental declaration of Ryan Gordon.  The request is hereby granted.

bringing the motion, which amount to $14,850.00, based on the supplemental declaration of Ryan Gordon."[4]

On September 11, 2014, Hixon filed a notice of appeal from the July 23, 2014 order. On July 30, 2015, we filed our opinion affirming the order compelling Hixon to file an acknowledgment of satisfaction of judgment. (*Taylor Concrete, supra,* B256900.)

## DISCUSSION

1. *The Premise for Hixon's Appeal Is Refuted by the Record*

Hixon asserts two claims of error with respect to the order awarding attorney fees pursuant to section 724.080.[5] First, Hixon contends the trial court was divested of jurisdiction to enter the attorney fee award upon Hixon's filing of his notice of appeal from the order compelling him to file an acknowledgment of satisfaction of judgment. Second, Hixon argues the court entered the order sua sponte, without a noticed motion and based solely on the supplemental declaration of the Zipperts' counsel, in violation of Hixon's due process right. Both contentions are premised on Hixon's assertion that the trial court did not grant the Zipperts' request for attorney fees *on June 6, 2014* when the court issued its oral ruling granting their motion to compel acknowledgment of satisfaction of judgment. That assertion is flatly contradicted by the record and our presumption of correctness.

---

[4] A minute order entered by the court the same date reads: "The Court having previously granted Defendants' motion to compel acknowledgement of satisfaction of judgment, and determined that Defendants are the prevailing parties under Civil Procedure Code section 724.080, and after reviewing the Supplemental Declaration of Ryan Gordon, filed on June 13, 2014, now orders that Defendants shall recover from Judgment Creditor Assignee Gary Hixon reasonable attorneys' fees in the amount of $14,850. The Court has signed the proposed order submitted on June 13, 2014."

[5] Hixon's opening brief, filed before we issued our opinion in the prior appeal, also argued that should this court reverse the order compelling him to file an acknowledgment of satisfaction of judgment in that appeal, we also must reverse the concomitant attorney fee award in this appeal. Hixon appropriately abandoned that argument in his appellant's reply brief, filed three months after we filed our opinion affirming the order to compel acknowledgment of satisfaction of judgment.

Hixon rests his assertion on the court's written minute orders issued on June 6, 2014 and June 9, 2014, both of which state that the Zipperts' "motion is granted," but neither of which expressly provides a ruling on the attorney fee request that the Zipperts included in their motion. Further, in an apparent attempt to exploit the fact that a court reporter was not present to record the court's oral ruling at the June 6, 2014 hearing, Hixon castigates the Zipperts for "*try[ing] to make a record, where none exists*" by filing a declaration from counsel describing the court's oral ruling rather than obtaining a settled statement as prescribed by the California Rules of Court. To be sure, the better practice would have been to obtain a settled statement (see fn. 2, *ante*); however, Hixon's argument has the allocation of burdens reversed.

It is perhaps the most fundamental principle of appellate review that a trial court order is presumed correct, all inferences are indulged in its favor, and all ambiguities are resolved to support affirmance. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Winograd v. American Broadcasting Co*. (1998) 68 Cal.App.4th 624, 631.) Contrary to Hixon's attempt to rest his case on a gap in the record, it is *his* burden as the appellant to overcome this presumption by presenting a record that affirmatively demonstrates error. "Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) Thus, for instance, where the appellant fails to provide a reporter's transcript or settled statement, "it is presumed that the unreported trial testimony would demonstrate the absence of error." (*Estate of Fain, supra,* 75 Cal.App.4th at p. 992; see also *Foust v. San Jose Construction Co., Inc*. (2011) 198 Cal.App.4th 181, 186-187 [affirming judgment where appellant included only selected excerpts from clerk's transcript and failed to include reporter's transcript or exhibits, preventing meaningful review].) We have that situation here, and more.

Even setting aside the Zipperts' additional evidence, every indication from the record and reason supports our presumption that the trial court correctly granted the request for attorney fees at the June 6, 2014 hearing in connection with ruling in favor of the Zipperts on their motion to compel. First, we have section 724.080's mandate, which

directs that "the court *shall* award reasonable attorney's fees to the prevailing party" on a motion to compel an acknowledgement of satisfaction of judgment. (Italics added.) Neither minute order relied upon by Hixon states that the court denied the mandatory award of fees—a ruling that, if made, would have been error. Accordingly, our presumption of correctness dictates that we presume the court granted both the Zipperts' motion and the mandatory award of attorney fees requested therein.

Next, we have the supplemental declaration regarding attorney fees filed by the Zipperts' counsel within a week of the June 6, 2014 hearing. Hixon's assertion posits that this declaration was completely unsolicited, counsel filed the declaration without any indication from the trial court that the court would accept or consider it, and the court not only accepted the unsolicited declaration, but credited it in granting the exact amount of fees requested without giving Hixon an opportunity to respond or object to the request. This would be an extraordinary chain of events, and, as such, it requires extraordinary proof to substantiate it. Hixon provides none. We must therefore presume that the court and counsel did not act so capriciously, and that the court in fact directed counsel to file the supplemental declaration in its oral ruling at the June 6, 2014 hearing.

Last we have the language of the order challenged on appeal, which plainly states, "*on June 6, 2014, it was ordered* that Defendant MOVANTS were entitled to attorneys fees as the prevailing party on their motion pursuant to CCP § 724.010, et seq." (Italics added; see also fn. 4, *ante*.) Hixon makes no attempt to reconcile his assertion that the trial court *did not* order attorney fees at the June 6, 2014 hearing with what amounts to the *opposite* statement by the court in the very order from which he appeals. Enough said. Notwithstanding the absence of an express ruling on the attorney fee request in the court's June 6, 2014 and June 9, 2014 minute orders, it is absolutely clear on this record that the court correctly ordered the mandatory award of attorney fees on June 6, 2014, while reserving on the amount of fees until the Zipperts had an opportunity to file a supplemental declaration setting forth the total fees incurred in connection with the motion, reply and hearings.

8

Because the court ordered the award of attorney fees at the June 6, 2014 hearing, neither of Hixon's claims has merit. Contrary to Hixon's first contention, it is well established that the trial court retains jurisdiction to award or tax costs after an appeal is taken, including to award attorney fees as costs. (See *Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 368 [jurisdiction to award Civ. Code, § 1717 attorney fees as costs]; *Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347, 360 [jurisdiction to rule on motion for statutory attorney fees as costs]; *Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 461 [same].) As for the contention that the court sua sponte awarded attorney fees in violation of Hixon's due process rights after the Zipperts' counsel filed a purportedly unsolicited supplemental declaration, we have already addressed this extraordinary claim. Hixon has not supplied anything close to an adequate record to substantiate the charge. The order is affirmed.

2.       *The Zipperts' Request for Sanctions Is Denied*

In their respondent's brief, the Zipperts request an award of sanctions against Hixon and his attorney pursuant to section 128.5, subdivision (a). That code section does not authorize an award of appellate court sanctions. (See § 128.5, subd. (a) ["A *trial court* may order a party, the party's attorney, or both to pay the reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay," italics added].) Further, while section 907 does authorize appellate court sanctions, California Rules of Court, rule 8.276 prescribes specific procedures for requesting such sanctions, which the Zipperts have failed to follow here. (See, e.g., Cal. Rules of Court, rule 8.276(b)(1) [a party's motion for sanctions "must include a declaration supporting the amount of any monetary sanction sought and must be served and filed before any order dismissing the appeal but no later than 10 days after the appellant's reply brief is due"].) Accordingly, the request for sanctions is denied.

9

**DISPOSITION**

The order is affirmed.  Defendants and respondents Zippy's Currency X-Change, Inc., Mark J. Zippert and Carol Zippert are entitled to their costs.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



JONES, J. [*]

We concur:



EDMON, P. J.



LAVIN, J

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.